Rixford et al. *v.* Nye et al.

---

LUTHER RIXFORD AND TIMOTHY JONES *v.* NELSON NYE AND EDGAR R. FROST.

Where it was recited, in a submission to arbitrators, that a suit at law was pending between the parties, and the agreement then proceeded to submit "the said case" to the decision of the arbitrators therein named, and it appeared, from other evidence, that there was then a suit pending between the parties, it was held, that the court, in the absence of any evidence that any other suit was pending between the same parties, would intend that this was the case referred to in the submission and contained the subject matter of the submission, and that therefore the submission was sufficiently definite and certain.

Where a suit, pending between parties, is submitted to arbitrators, and an award is made pursuant to the submission, the legal effect is, to put an end to the suit; and it is not necessary to the validity of the award, that it should expressly direct the discontinuance of the suit.

An award may be good in part and bad in part. A defect, in neglecting to ascertain costs, will not vitiate that part of the award which directs the payment of money upon the controversy which was the subject matter of the submission.

Where a suit at law, for the recovery of the first instalment due upon a contract for the sale of goods, alleged to be payable in three instalments, was submitted to arbitrators, and the arbitrators awarded, that the defendants did promise as alleged in the declaration in the suit at law, and then proceeded to award that the defendants should pay, by three instalments, corresponding with the terms of the original contract, as claimed by the plaintiff, the whole sum for which

Rixford et al. *v.* Nye et al.

the goods were sold, and an action was commenced upon the award to recover the amount of the first instalment awarded, it was held, that the award, so far as this suit was concerned, was sufficiently within the submission, although it might be true (which was not decided) that the arbitrators had exceeded their power, in awarding the payment of the two last instalments.

Awards are to be liberally construed, according to the intent of the parties; and if that appear by manifest implication, which, if positively expressed, would render the award good, it is sufficient to support the award.

Where a submission to arbitrators directed, that the award should be made in the month of April, and the arbitrators made their award on the 28th day of April, after hearing the parties, and delivered their award to one of the parties on the following day, it was held, that this was a sufficient publication of the award.

Where the submission directs, that the award may be made by the arbitrators, or a majority of them, it is essential to the validity of the award, that all the arbitrators should be present at the hearing; but it is not necessary, that this fact should appear upon the face of the award;—if denied, it may be proved, like any other fact.

Assumpsit upon an award of arbitrators. Plea, the general issue, and trial by the court, September Term, 1846,—Royce, J. presiding.

On trial the plaintiffs offered in evidence the written submission of the parties, dated May 26, 1845, reciting that it was made relative to a suit at law pending between the parties, and by which the parties agreed to submit "the said case" to the decision of three arbitrators, named, whose award, or that of the majority of them, should be made in the month of April, then next, and should be final,—the costs already incurred to follow, as in suits at law. The plaintiffs also offered in evidence the award, signed by two of the arbitrators, and dated April 28, 1845, by which they decided, that the defendants did assume in manner and form as the plaintiffs had alleged in their declaration in the suit referred to in the submission, and assessed the plaintiffs' damages at $75,00, " and the legal costs" agreeably to the submission, and directed, that the defendants should pay to the plaintiffs $25,00, and the costs already incurred, in sixty days from the date of the award, and $25,00 in the month of October, then next, and $25,00 in the month of October, 1846, and that the costs, other than the arbitrators' fees, should " be made

up by the parties." The plaintiffs also offered in evidence the writ and declaration in the suit at law, which was the subject matter of the submission, and in which the plaintiffs declared against the defendants upon a contract for the sale of certain property, for which they alleged the defendants agreed to pay them $75,00, in three instalments of $25,00 each, payable annually at the expiration of each year from the first day of October, 1843; and in which they alleged, that the defendants had neglected to pay the first instalment of 25,00,—for which they brought suit; and upon the writ was an indorsement in these words,—" Settled by arbitration, by agreement of parties, April 28, 1845.". To the admission of all this evidence the defendants objected; but the objection was overruled by the court. The plaintiffs claimed to recover, in this suit, the amount of the first instalment awarded to them by the arbitrators.

The plaintiffs proved, that the hearing before the arbitrators was held at Highgate, where the plaintiff Rixford lived, and near the residence of the defendants, on the 28th day of April 1845, and that, at the close of the hearing, the arbitrators, who all resided in Franklin, notified the parties, that they should take their papers to Franklin and make their award; and that they accordingly made and signed their award at Franklin, and one of the arbitrators, on the 29th day of April, sent the award to the plaintiff Rixford. It did not appear, that any of the parties called upon the arbitrators, at Franklin, or that either of the defendants, during the month of April, called at the place of arbitration, or upon either of the plaintiffs, to learn what the award was; but it appeared, that the defendants became acquainted with the terms of the award soon after, and some time before the first instalment, ordered to be paid by them, became due.

The defendants offered to prove, that on the first Monday of May, to which the original action stood adjourned at the time of the arbitration, they appeared to answer to the suit, and claimed a trial thereon, and that the plaintiffs refused to proceed in the suit, and the suit was for that reason discontinued. To this evidence the plaintiffs objected, and it was excluded by the court.

Upon these facts the county court rendered judgment for the plaintiffs, to recover the first instalment of $25,00. Exceptions by defendants.

Rixford et al. *v.* Nye et al.

*S. S. Brown, L. E. Pelton* and *A. O. Aldis* for defendants.

1. The submission is void for uncertainty, in not describing what was submitted. This could not be supplied by parol. The award is void for the same reason.

2. The award is void for not directing the suit at law to be discontinued. *Vosburgh* v. *Bame*, 14 Johns. 302.

3. The award is void for not assessing the costs, as directed by the submission. It is also void, because it does not appear, *by the award*, that the arbitrator, who did not sign the award, was present at the hearing, or notified to attend. *Blin* v. *Hay et al.*, 2 Tyl. 304.

4. The parties, by the submssion, referred the suit pending. In that suit a promise to pay $25,00 was declared upon, and the breach alleged was the non-payment of that sum. The arbitrators, in awarding $75,00, clearly exceeded their authority, and the award should be set aside. *Bonner* v. *Carlton*, 5 East 139. Stephens' N. P. 48. If it be contended, that the sum awarded is divisible, and that the damages, above the sum declared for in the suit submitted, are to be remitted, we reply, that the award does not justify any such construction, and that there is nothing in the case to justify it. The plaintiffs may sue for the two other instalments due upon the contract, and also for the two others included in the award; and nothing settled in this suit can bar suits so .brought. Stephens' N. P. 83.

5. By the submission the arbitrators were required to publish their award in the month of April; and it is admitted, there was no proof of any notice to the defendants in that month. The arbitrators, should publish the award to both parties; and if they publish it only to the successful party, it is his duty to notify the other party; and in this case, the notice, whether coming from the plaintiffs or the arbitrators, should have been given in April.

*H. R. Beardsley* for plaintiff.

1. The arbitrators did not exceed their powers. The principle is well settled, that submissions and awards are to have a liberal construction. Every intendment is to be made in their favor, to sustain rather than to defeat them. Caldw. on Arb. 123, 130, 131. Petersd. Abr. 139, and note. The submission authorized the arbitrators to

consider and award upon the "*case*" then pending. That was an action upon a special contract for the purchase, by the defendants, of certain property, for which they were to pay $75,00, by three instalments of $25,00 each. The trial upon that declaration must have involved the questions, whether such a contract was ever made, what price was agreed to be paid, and at what times and in what sums, and whether the time of payment for all, or any part, had arrived. The parties must have intended to submit the whole controversy, growing out of the alleged contract. In order to do this, the arbitrators would necessarily be obliged to find what the contract was; and, having decided upon its character and import, they were at liberty, under the submission, to award payment in accordance with what they found the contract to be, namely, the payment of the whole sum by instalments. It does not by any means follow, that because the justice could not have rendered judgment for any more than the instalment then due, the arbitrators would be bound by the same rule, under the submission. 2 Petersd. Abr. 141, 142, and note.

But, admitting that the arbitrators, in awarding the payment of the subsequent instalments, went beyond the submission, still the award is good as to the first instalment of $25,00, for the recovery of which this suit was brought. An award may be good in part and void in part.

2. The award was sufficiently published to the parties; it was made at Franklin, where the arbitrators resided, within the time and at the place designated by the arbitrators, and was ready, then and there, for delivery. This was all that was necessary. Caldw. on Arb. 51, 195. 2 Phil. Ev. [Cow. & H. Notes] 80, 81. 2 Saund. R. 62 *a*, n. 4.

The opinion of the court was delivered by

KELLOGG, J. This was an action of assumpsit upon an award of arbitrators. At the trial below the defendants objected to the admission of the submission and award, upon the ground of variance from the declaration, and for various other causes, apparent upon the submission and award; which objections were overruled.

It is now urged, that the submission is void for uncertainty, in not specifying with more precision the matters submitted to the ar-

bitrators. The first paragraph of the submission recites, that a suit at law was pending between the parties to this suit, and then the agreement proceeds to submit "the said case" to the decision of the arbitrators therein named. The papers in the case show, that, at the time of the making of the submission, there was a suit pending between the parties, in which Rixford and Jones were plaintiffs and Nye and Frost were defendants, which suit, in the absence of proof showing the pendency of any other suit between the parties, must be intended as the case referred to in the submission and as containing the subject matter of the submission. This, we think, renders the submission sufficiently definite and certain.

It is also urged, that the award is void, for the reason that it does not, in terms, direct the suit at law, which was the subject of the submission, to be discontinued. The legal effect of the submission and the making an award pursuant to the submission was, to put an end to the suit. The parties so understood it and acted accordingly. The suit was discontinued by an entry upon the files, "Settled by arbitration, by agreement of the parties, April 28, 1845,"—the day upon which the award was made. It was not necessary to the validity of the award, that it should direct the discontinuance of the suit. This exception, therefore, is not sustained.

It is farther objected, that the award is void, for the reason that the arbitrators do not tax certain costs, but, by the terms of the award, leave them to be taxed by the parties. This objection, however, can only avail the party, so far as it relates to the costs referred to in the award; and if the party seeking to enforce the same waive his claim to these costs, it cannot affect the other parts of the award. For all purposes, except the costs, the award may be good. An award may be good in part and bad in part. Caldwell on Arbitrations 120. *Fox* v. *Smith,* 2 Wilson 267. *Addison* v. *Gray,* Ib. 293. In the cases above cited the awards contained directions respecting costs, which were considered too loose to be supported; but the other parts of the awards were sustained.

It is farther insisted in argument, that there is a variance between the award and the submission, and that therefore the entire award should be held void. The *submission,* as has been before remarked, was of the *suit* then depending between the parties. The *suit* was to recover the first instalment due upon a certain contract, which

18

the parties had previously entered into; and as the declaration counted upon the entire contract, and, in order to ascertain whether the plaintiffs were entitled to recover this instalment, there must necessarily have been a consideration of the entire contract, it may well be questioned, whether it was not the intention of the parties to submit the whole contract to the decision and award of the arbitrators. And if such was the intention of the parties, and the same is apparent upon the submission, it should receive such construction, as would render effectual that intention. But it is not *necessary* to decide this question in disposing of the present case. For if it be conceded, that the arbitrators, in awarding upon the two last instalments, exceeded their authority, still, if there is enough found in the award, which is well awarded, to sustain the present suit, it will be sufficient for the present purpose. The amount awarded is seventy five dollars, which is the amount of the contract, to be paid in three instalments of twenty five dollars each, the first to be paid in sixty days from the date of the award, twenty five dollars to be paid in the month of October then next, and twenty five dollars in the month of October, 1846.

It is evident, that the award embraces the entire contract, and directs the payments to be made by instalments, corresponding with the contract set forth in the declaration in the original suit. The award finds, that the defendants "assumed in manner and form " as the plaintiffs had alleged in the suit; and it awards to the plaintiffs the sum of twenty five dollars, to be paid in sixty days, and the costs which had accrued in the suit. This was the subject matter of the suit; and it is conceded, that the suit was submitted to the arbitrators. To the extent, then, of the first payment, directed by the arbitrators, the award was within and pursuant to the submission, and to this extent was clearly a valid award.

But it is said, that it does not appear, that the sum awarded to be paid within sixty days, was for the first instalment of the contract, which was the matter embraced in the original suit,—that it may have been for the second, or third, instalment,—and if so, it was not within the submission. Every reasonable intendment is to be made in favor of the award; and it is a maxim of courts of law and equity, not to raise *presumptions* for the purpose of overturning an award; but, on the contrary, to make every reasonable intend-

ment in its support. Caldwell 123. Awards are to be liberally construed, according to the intent of the parties. Thus, if, by manifest implication, that appear, which, if positively expressed, would render the award good, that is sufficient to support it. Applying these rules of interpretation to the award, submission and contract, we think it sufficiently appears, that the sum, directed by the award to be paid in sixty days, was for the first instalment of the contract, and consequently is clearly within the submission.

It is farther insisted, that the award is invalid for want of publication. The submission was made on the twenty sixth of March, 1845; and the case shows, that the award was made on the twenty eighth of April, 1845, and delivered to the plaintiffs on the day following; which was within the time limited by the submission. This was a sufficient publication of the award.

It is farther objected to the validity of the award, that it does not appear by *the award*, that Shedd, one of the arbitrators, was present at the hearing, or notified to attend. The terms of the submission clearly authorize an award by a majority of the arbitrators; but to make it valid, all must be present at the hearing. It is not denied in the argument, but that all the arbitrators were present and acted upon that occasion, (indeed it is so admitted,) but the objection is, that the fact *does not appear upon the face of the award.* We do not think it essential to the validity of the award, that this fact should appear *upon* the award. It is sufficient, if the fact exists; and, if denied, its existence may be proved, like any other fact. The exception is untenable.

The result, then, is, that we discover no error in the judgment of the county court, and the same is therefore affirmed.