STOWE *v.* MUTUAL HOME BUILDERS CORPORATION.

BIERCE *v.* SLATER.

1. Arbitration and Award—Evidence.
   Testimony of arbitrator showing method by which award was arrived at is admissible.

2. Same—Arbitration Agreement.
   Agreement of arbitration entered into between parties is law of case.

Validity and binding force of arbitration, see annotation in 47 L. R. A. (N. S.) 337 *et seq.*

3. SAME—AWARD MUST BE BASED ON AGREEMENT.

  Award based upon agreement of arbitration must stand, in absence of fraud or mistake, but arbitrary award outside of scope of agreement is not binding, because it has no legal sanction.

4. SAME—AWARD NOT BASED ON AGREEMENT VOID.

  Arbitration award arrived at by multiplying cubic contents of building by arbitrary factor instead of taking into consideration·market price of labor and materials, as provided in arbitration agreement submitting to arbitration amount due contractor for erecting house on cost-plus basis, is void.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 23, 1930. (Docket No. 145, Calendar No. 35,240.) Decided December 2, 1930.

Bill by Ernest A. Stowe against Mutual Home Builders Corporation, a Michigan corporation, for appointment of receiver. Petition in receivership proceedings by Lee H. Bierce against William E. Slater, receiver, to confirm an award made by arbitrators and to enjoin an action at law. Decree affirming award is reversed, on appeal.

*Dunham, Cholette & Allaben* and *Linsey, Shivel & Phelps,* for appellant.

*Earl W. Munshaw* (*Amos F. Paley,* of counsel), for appellee.

POTTER, J. Petitioner and appellee entered into a written contract with the Mutual Home Builders Corporation to build for him a house. The contract provided:

"In the erection of said building, the first party hereto is to act in the capacity of general contractor, subletting the contracts between competitive proposals, said proposals to be submitted to second

party hereto and receive the sanction or approval of said second party before the final letting of said subcontracts, the first party· hereto reserving the right to require of said subcontractors bonds guaranteeing the faithful performance of said subcontracts, according to plans, specifications and details heretofore referred to.

"The consideration for the construction of said building shall be the net aggregate sum of the subcontracts thus let.

"The second party hereto agrees with the first party to assume and pay according to terms hereinafter set forth, such aggregate sum as shall be ascertained to be the exact cost of the building and of all the appurtenances thereto which said first party assumes and finances, and in addition thereto, in consideration of the services performed as general contractors in the erection of said building by the first party and in consideration of said first party financing of building for second party, second party hereto agrees to pay the first party the sum of 15 per cent. computed upon the aggregate cost of said building as hereinbefore ascertained and set forth. Total sum (the cost of said building with the addition of the 15 per cent.) shall be considered the cost or contract price for the construction of said building and which said second party assumes and agrees to pay."

The house was so substantially completed in accordance with this contract that petitioner and appellee moved into it and continued to occupy it until the trial of this case. About the time petitioner moved into the house, an auditor of the books of the Mutual Home Builders Corporation prepared a statement, from the books of the company, of the amount owing by petitioner and appellee and it was presented to him. The auditor's statement showed expenditures by the company in the amount of $29,-

749.60.  Petitioner did complain of some defects in the building of a minor character and these defects were remedied by the builder without cost to petitioner, who continued to pay on the contract regular monthly payments.  Prior to this suit he mortgaged the premises involved and in his application to the bank for a mortgage loan placed the value of the lot at $10,000 and the value of the house erected thereon at $31,000.

The Mutual Home Builders Corporation went into the hands of a receiver, who urged a settlement of all of the claims of the company, including that here involved.  Petitioner did not want, by reason of his position, to have a lawsuit.  He disputed the amount due the company on the contract and sought to have the same arbitrated.  The receiver had no authority to enter into an arbitration agreement without the approval of the court appointing him.  After some negotiations an agreement of arbitration was, with the consent of the court appointing the receiver, entered into, which agreement provided the arbitrators appointed were to

"Arrive at a figure which they will agree to be a fair, just, equitable amount to be paid by Mr. Bierce in full settlement of all claims existing in favor of said Mutual Home Builders Corporation and its receiver under the contract aforesaid.  This amount shall not be based upon replacement cost as of this date, but upon building costs as of the date of construction, together with the company's invoices, labor, prices, etc., as shown by the records of the receiver and as shown by the fair market price for such labor and materials as of the date of building operations.  The committee shall take into consideration the fact that a mortgage in the sum of $15,000 has been placed upon said property; that said amount ostensibly was used in the building opera-

tions and that said mortgage must be paid by Mr. Bierce.''

Apparently the arbitrators made no attempt to follow the agreement of arbitration. A contract had been entered into between the Michigan Home Builders Corporation and petitioner. The amount due upon this contract was in dispute. The thing which the arbitrators were to determine was the amount due upon the contract. What they did do was to have someone compute the cubical contents of the house and multiply the cubical contents by an arbitrary factor per cubic foot, and, each arbitrator using a different arbitrary factor, the results obtained by each of the three arbitrators varied. These three results were added together and divided by three, and this was determined to be the value of the building. According to the agreement of arbitration, the sum of $15,000, the amount of the mortgage, was to be deducted from the amount found to be due from petitioner and appellee to the receiver. The arbitrators added this sum to the amount paid on the contract, and, this total being greater than their estimated value of the building by the method followed, they subtracted the value of the building, as determined by their method above described, from the amount of the payments made by petitioner plus the $15,000 mortgage, and found the receiver was indebted to petitioner and appellee in the sum of $694.96. Petitioner applied to the court for a confirmation of the award of the arbitrators. It was confirmed. The case is here on appeal. Two of the arbitrators who participated in the proceeding have died since the arbitration award was made. The surviving arbitrator was sworn as a witness and testified in detail as to how the arbitrators' estimated value of the building was arrived at.

It is claimed the testimony of this arbitrator is incompetent and cannot therefore be considered.

In 5 C. J. pp. 242 and 243 it is said:

"§ 665. 7 *Testimony of Arbitrators*—a. *In General*. The testimony of an arbitrator is, generally, admissible in any case where other parol evidence can be received—except to show his own fraud or misconduct—to prove matters of fact arising in connection with the arbitration.

"§ 666. b. *To Sustain Award*. The testimony of an arbitrator is admissible to sustain his award.

"§ 667. c. *To show Award Void*. Testimony of the arbitrators is held admissible to show that the award is a mere nullity.

"§ 668. d. *To Show Matters Submitted and Decided*. Testimony of the arbitrators is admissible to establish what matters were submitted and decided, where that fact is not apparent from the award itself. Such testimony is competent for the purpose of showing either that not all the matters submitted were considered or that matters outside of the submission were included. Under these circumstances 'parol evidence,' it has been said, 'is not only admissible, but necessary, in order to show what matters the arbitrators acted on.'"

We think the testimony was admissible. Arbitrators derive all their power and authority from the law. The agreement of arbitration entered into between the parties is the law of the case. An award based upon the agreement of arbitration must stand, in the absence of fraud or mistake, but an arbitrary award outside of the scope of the agreement of arbitration is not binding upon anyone, because it has no legal sanction. It is clear in this case the thing submitted to arbitration was the amount due on a written contract. This has not been determined.

The order of confirmation and the award of the arbitrators is set aside, with costs to appellant.

BUTZEL, CLARK, MCDONALD, SHARPE, NORTH, and FEAD, JJ., concurred. WIEST, C. J., concurred in the result.