PUTTERMAN, Respondent, vs. SCHMIDT and another, Appellants.

*October 13—November 9, 1932.*

For the appellants there was a brief by *Brennan, Lucas & McDonough* of Milwaukee, and oral argument by *Martin J. Brennan*.

*Louis R. Potter* of Milwaukee, for the respondent.

. FOWLER, J. The brief of appellants' counsel does not enable us readily to ascertain in just what particulars they claim the trial court erred. However, we infer from study of it that they mean to assign as error, in substance, (1) that no agreement to arbitrate was made; (2) that the agreement for arbitration, if any there was, was insufficient for failing to state the matters to be submitted; (3) that no competent evidence was produced before the arbitrators sufficient to form a basis for the award; (4) that testimony offered by the defendants on the trial to the court was erroneously rejected; and (5) that the trial judge's findings of fact are not supported by the evidence.

(1) The agreement for arbitration was in form generally used by the Milwaukee Produce & Fruit Exchange on application to it by members and others dealing in agricultural products requesting it to arbitrate matters in dispute, and is as follows:

"Milwaukee Produce & Fruit Exchange, City.

"Gentlemen: We the undersigned, hereby make application to have adjudicated a dispute between ourselves and J. Putterman.

"We hereby agree to abide by and perform the final award of the committee without further recourse to any other court or tribunal.

(Signed) "SCHMIDT & KEIHL,

"By OTTO G. SCHMIDT,

"JOSEPH PUTTERMAN.

"Any expense that might be incurred in the examination of the record involved will be borne by both parties, each to pay one-half.

"P. S.—The arbitration fee of $5 accompanies this application."

The $5 fee was required by the Exchange as preliminary to its action. As we understand appellants' contention, it is that the agreement is void for omitting to specifically state the matter or what particular matters were submitted for arbitration.

The only authority presented by appellants' counsel in support of their contention that the request signed by the parties is insufficient as an agreement to arbitrate is *Pierce v. Kirby,* 21 Wis. *125, where it was held that the evidence failed to show such an agreement. That case involved an award by a committee of the Milwaukee Chamber of Commerce, and was made pursuant to a provision of its constitution that "all matters of difference shall (should) be submitted in writing by *one or both* parties, addressed to the president or secretary, stating the subject or question upon

which the services of the arbitration committee are required and the name of the opposite party." The only writings evidencing the submission claimed were a written communication addressed to the arbitration committee of the Chamber of Commerce signed by the plaintiff, stating that "I . . . submit the following statement, and pray that my claim be granted," followed by a statement of facts on which the claim was based. The only writing, or other evidence of defendant's agreement to arbitrate, was a communication signed by him, addressed to the Board of Arbitrators of the Chamber of Commerce, stating: "I ask leave to present the following statement of the facts in the complaint of" the plaintiff. The only question considered by the court was "whether the alleged award is (was) good as a common-law award." The opinion states: "It is essential to the validity of such an award that there should be an agreement of the parties to submit their matters, or some particular matter, to the arbitrators." . . . "They are doubtless proceeding under the rules and constitution adopted by the Chamber of Commerce with a view to a compulsory reference or trial. We cannot construe them to be, or be equivalent to, the voluntary agreement" of both parties "to submit their matter in difference, which is necessary to make a common-law submission in writing. The paper called an answer, presented by Mr. Kirby to the arbitrators, is very far from containing any agreement of submission on his part. Nor is there any evidence of a verbal or parol submission."

The agreement here involved is plainly not compulsory, but voluntary, so that the main basis of the decision in the *Pierce Case* is here wanting. Another basis, that the writings contained no evidence of an agreement, is also wanting, for here both parties signed the request and this shows an agreement to arbitrate. The other basis, that there was no

evidence of an oral agreement to arbitrate, is also here wanting. For the simple fact that the parties came together to the secretary of the Exchange and signed a joint request for arbitration of their "dispute" evidences that they had theretofore agreed to arbitrate that dispute, either in writing or orally. The evidence shows that the "request" was the only writing signed by the parties, so we have by plain implication an antecedent oral agreement to arbitrate the "dispute." When this is followed by the appointment of arbitrators according to the agreement of the parties respecting their selection, and the appearance before and presentation of their evidence to the arbitrators as was here done, we consider that a case of arbitration is made.

(2) That to render valid an agreement to submit to arbitration it must appear that the parties agreed upon what should be submitted is of course true. But it is not necessary that the subject be submitted by bill of particulars or with the same particularity required in pleadings. It is enough if a common intent as to what was submitted appears with reasonable certainty. 5 Corp. Jur. p. 36. If what was submitted appears by manifest implication it is as certain as if positively expressed. *Rixford v. Nye,* 20 Vt. 132. Ambiguity if any may be removed by parol. Submission of a controversy over "the purchase and settlement of a horse" is sufficient. *Riley v. Hicks,* 81 Ga. 265, 7 S. E. 173. Where the dispute involved was respecting a partnership account, a submission "of all matters of variance" was sufficient. *Herman v. Freeman,* 8 Serg. & R. (Pa.) 9. The following submissions have been held sufficient: "Of all demands except heirship," *Kendall v. Bates,* 35 Me. 357; "all matters in dispute," *Shackelford v. Purket,* 2 A. K. Marsh. (Ky.) 435; "concerning land, when the land is susceptible of identification," *Brown v. Mize,* 119 Ala. 10, 24 South. 453; "of all 'our accounts and claims in relation to the Mill Rock

Mills,' " *Zook v. Spray*, 38 Iowa, 273; "business pertaining to a trade in land," *McKinnis v. Freeman*, 38 Iowa, 364; "a matter in difference between the parties" when followed by appearance and presentation before the arbitrators without objection at the time that the matter presented is not the subject of arbitration, *Price v. White*, 27 Mo. 275. It appears clearly enough by the evidence presented to the arbitrators that the parties not only understood that "all matters in difference" between them growing out of their business relations was the subject of arbitration but that they put in their evidence respecting those matters before the arbitrators without objection to the investigation or the consideration of them by the arbitrators. We are of opinion that the award should not be set aside for want of agreement on the matters to be arbitrated.

We will consider under this head the contention of the defendants respecting claims and pending suits of the partnership against railroad companies for injury to goods in transit and the like. The contention in this respect is in effect, not that the matter was not included in the submission, but that the arbitrator selected by the defendants was of opinion that it could not be considered because the amount realized on the claims could not be ascertained until the claims, which were numerous, were finally settled and the aggregate amount allowed thereon received, and refused to sign the award because these items were considered by the other arbitrators in determining the amount of the award. There is no doubt that the facts respecting these claims were presented to the arbitrators, and all such facts were considered that the parties saw fit to present. Although the exact amount actually realizable from these claims could not be ascertained until collected, the amount was capable of estimation and fixation, just as is the amount recoverable on doubtful accounts. The dissenting arbitrator's opinion in this regard was erroneous. The conclusion of the arbi-

trators perhaps rested partly on facts and partly on their opinion as to the legality of the claims, but submission to arbitration of the amount due involves both law and fact. *Travelers Ins. Co. v. Pierce Engine Co.* 141 Wis. 103, 123 N. W. 643. The submission here was manifestly of the amount due on the plaintiff's withdrawal from the partner-ship and the winding up of its affairs, and we consider that these claims were a proper subject of arbitration and properly considered and included by the arbitrators.

(3) The contention of counsel under this head seems to rest upon a misunderstanding on their part of the matters properly for consideration in an action upon an award. They seem to think that if it can be shown that facts were not presented to the arbitrators that might have been presented the award falls, and that the award falls if it appears that the facts submitted do not, in their opinion, justify the award. It is hardly necessary to state that this view is erroneous.

"All questions of judgment within the submission are concluded by the decision of the arbitrators, and are not subject to appeal or review by the court. On an attack on an award it is not within the province of the court to determine whether conflicting evidence before a board, on issues which it decided, constituted a preponderance for or against its decisions. . . . In subsequent proceedings to impeach their award, their testimony as to what transpired in their hearing and deliberations will not be received for that purpose." . . . *Koepke v. E. Liethen Grain Co.* 205 Wis. 75, 236 N. W. 544.

(4) Here also appellants' counsel seem not to comprehend the issues of this suit or the nature of the evidence that may be received on the trial of it. In such a suit the testimony of the arbitrators as to what transpired in their hearings and deliberations will not be received to impeach the award. *Koepke Case, supra.* Nor will the case be tried *de novo* before the court, which is apparently what appellants' coun-

sel were trying to do, and the evidence rejected on the trial is for the most part only such as would be receivable on a *de novo* trial. While no little evidence was received upon the trial that was not properly receivable, we do not discover that any was improperly ruled out, and counsel fails specifically to indicate any that was improperly rejected.

(5) The appellants claim that findings of the court numbered (5), (6), and (8) are not supported by the evidence. Finding (5) is that all the facts necessary to decide the dispute were fully and fairly presented to the arbitrators, and that neither side was denied the right to present whatever facts they had or were able to produce. That neither side was denied the right to present to the arbitrators any' facts it had that it desired to present is clearly established. If there were facts not brought to the attention of the arbitrators that were material, that they were not produced was the fault of the parties. The statement that the facts were fully and fairly presented was doubtless intended to refer to the conduct of Mr. Kipper, the secretary of the Exchange, who acted as clerk and secretary of the committee and at the request of the arbitrators made an investigation of the books and papers of the concern and with the aid of the bookkeeper of the concern prepared a statement of its affairs, all without objection by the parties. That he acted fairly there is no room for doubt under the evidence. While there was no specific allegation of fraud or mistake in the answer of the parties, the trial court permitted the appellants full opportunity to show either. That there was no fraudulent conduct is clear. Complaint is made that the plaintiff on leaving the defendants entered the employ of a concern in which one of the arbitrators was a partner, but the defendants knew this and made no objection to continuance of the arbitration or to the arbitrator's acting further. This "waived any objection to the award on that ground." *Frankfurth v. Steinmeyer,* 113 Wis. 195, 201, 89 N. W.

148. And that there was no such mistake as will upset an award is also clear. Mistakes of judgment, mistakes of either fact or law, are not ground for review of or setting aside an award. 2 Ruling Case Law, p. 392. "Such errors are among the contingencies which parties assume when they select such tribunals." 5 Corp. Jur. p. 179. The mistakes that will void an award are those appearing on its face or gross mistakes of the arbitrators extraneously appearing as to their powers or duties, which result in real injustice or constructive fraud. 2 Ruling Case Law, p. 392. The mistake must so mislead the arbitrators that they did not apply the rules which they intended to apply, "so that upon their own theory a mistake was made which has caused the result to be something different from that which they had reached by their reason and judgment." 5 Corp. Jur. p. 180. The record here does not disclose any such mistake.

Finding (6) of the court is to the effect that the parties "presented their evidence and information to the arbitration committee together with all their papers, writings, documents, railroad claims, outstanding accounts, and all other business of said partnership, and that the same was fully considered by said arbitration committee before making its award." That all the evidence the parties presented was "fully considered" is clearly established by the evidence. As above stated, if the parties neglected to present evidence of the kind named in the finding, this was their own fault and does not vitiate the award.

The fact found by finding (8) is that "the arbitration was conducted by said committee in a fair, unbiased, and unprejudiced manner." Enough has already been said to indicate that we consider that the complaint in this respect is without merit.

*By the Court.*—The judgment of the circuit court is affirmed.