STRUDELL ASPHALT, INC., Appellant, v. BERNSTEIN and others, Respondents.

*November 4—November 30, 1965.*

186

For the appellant there was a brief by *Rice & Ramsey* and *Edward S. A. Ramsey,* all of Milwaukee, and oral argument by *Edward S. A. Ramsey.*

For the respondents there was a brief by *E. Ace Bernstein* and *Frederick P. Mett,* both of Milwaukee, and oral argument by *Mr. Mett.*

WILKIE, J. The single issue on this appeal is: Did the matter submitted for arbitration include the con-

tractor's claim for all additional work performed on the whole shopping center and not just the specific items set forth in its complaint?

Respondents contend that "the matter" submitted to the arbitrators by stipulation and court order consisted of the allegations contained in the complaint, answer and counterclaim in the civil action together with the allegations made by letters to the arbitrators, and that the arbitrators could not consider anything not specified in those documents. In the complaint appellant made a claim for "asphalt surfacing in the area commonly known as the Pure Oil property" to the extent of $2,616.11. This claim was repeated, but not expanded, in the letter to the arbitrators. Respondents contend, and the circuit court ordered, that the arbitrators could not consider extra work beyond that done in the Pure Oil area and, in any event, could not allow more than $2,616.11 for extra work done.

Appellant contends that the arbitrators were free to consider the whole matter of extra work done by appellant on the whole shopping center and were not limited to the precise claims asserted in the complaint or its later letter to the arbitrators.

The appellant is correct. The arbitrators did not make an award on a matter not submitted to them. The contract between the parties required arbitration before litigation on any dispute. When appellant commenced its lawsuit, respondents countered by asserting their own claim and by demanding arbitration as agreed to. The court ordered that "the matter be submitted for arbitration." To hold that the arbitrators were confined to the four corners of the complaint and answer would result in remaking the contract that requires all disputes to be arbitrated before a party takes legal action. Moreover, such an interpretation would be an unduly restrictive and technical construction of the breadth of the controversy which the arbitrators were expected to consider. What appellant was after was to be paid for the required work

done on the project bearing in mind that it had actually installed over 31,000 square yards of pavement in the disputed area whereas the original contract was based on original drawings calling for 22,000 plus square yards. What respondents were after was to settle their claim that the work and material were deficient.

This is a statutory arbitration under ch. 298, Stats.[1] The Wisconsin Arbitration Act does provide for court review of arbitrators' awards and specifically spells out circumstances under which these awards may be vacated (sec. 298.10) or modified (sec. 298.11).

Sec. 298.11 (1) (b), Stats., provides:

"MODIFICATION OF AWARD. (1) In either of the following cases the court in and for the county wherein the award was made must make an order modifying or correcting the award upon the application of any party to the arbitration:
". . .
"(b) Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; . . ."

In the very recent case of *Reith v. Wynhoff*[2] this court, on appeal, modified an arbitrators' award pursuant to this statute where the parties had agreed to arbitrate the issues in a lawsuit concerning the alleged defective construction of a multifamily residence and where the arbitrators had included in the award a sum for "inconvenience" contrary to the detailed terms agreed on by the parties to govern the arbitrators in determining diminished value.

In the instant case there were no such detailed terms governing the arbitrators. The scope of the matter referred to them was broad enough to include the appellant's claims, contained in the arbitrators' report.

[1] *Madison v. Frank Lloyd Wright Foundation* (1963), 20 Wis. (2d) 361, 122 N. W. (2d) 409.

[2] (1965), 28 Wis. (2d) 336, 137 N. W. (2d) 33, 37.

Significance must be attached to the fact that this was arbitration of a matter pursuant to a contract agreement calling for arbitration of all disputes prior to litigation; it was not pursuant to an agreement to arbitrate the issues in a lawsuit where there had been no preceding contract to arbitrate.

In *Putterman v. Schmidt* [3] this court said:

". . . it is not necessary that the subject be submitted by bill of particulars or with the same particularity required in pleadings. It is enough if a common intent as to what was submitted appears with reasonable certainty. 5 Corp. Jur. p. 36. If what was submitted appears by manifest implication it is as certain as if positively expressed. *Rixford v. Nye,* 20 Vt. 132. Ambiguity if any may be removed by parol."

The common intent here was to arbitrate appellant's claims for the extra work done and respondents' claims of defective materials and performance. This "matter" was broader than the provisions of the pleadings or the contents of the letters to the arbitrators dated December 14, 17, 21, and 26, 1964. It follows that the award was on a matter submitted for arbitration and, therefore, the award should not have been modified.

The Wisconsin Arbitration Act also provides that an award can be vacated. Sec. 298.10 (1) (d), Stats., provides:

"(1) In either of the following cases the court in and for the county wherein the award was made must make an order vacating the award upon the application of any party to the arbitration:

". . .

"(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

Thus, this was not a case for the exercise of the court's authority to vacate the award. Although the trial judge used language in his order stating that the arbitrators

---

[3] (1932), 209 Wis. 442, 447, 245 N. W. 78.

"exceeded their powers" and "were not vested with the authority," there was no contention in the trial court and none here that the arbitrators exceeded their powers or exercised authority not vested in them.

*By the Court.*—Order reversed, and cause remanded for reinstatement of arbitrators' award.