## GRUDEM BROTHERS CO. v. GREAT WESTERN PIPING CORPORATION.

213 N. W. 2d 920.

September 21, 1973—No. 43984.

*Wright, West, Diessner & Arnason* and *Richard A. Hassel,* for appellant.

*Walter B. Boorsma,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

This is an appeal from an order of Hennepin County District Court denying the motion of plaintiff to vacate an award of arbitration for fraud and perjury and disallowing the right of offset against the award.[1] We affirm.

The dispute had arisen between plaintiff, Grudem Brothers Co., a mechanical contractor, and defendant, Great Western Piping Corporation, its excavating subcontractor, concerning liability for certain work performed in the construction of aeration tanks at the Pig's Eye Sewage Treatment Plant in St. Paul, Minnesota. By written agreement dated July 7, 1971, the parties had agreed to submit the dispute to arbitration. By oral agreement, later confirmed by letters, the parties had also agreed to participate in the hearing before the arbitrators without legal counsel. On November 3, 1971, after receiving testimony from the parties, the arbitration panel filed an award in favor of Great Western. On November 15, 1971, Grudem applied to the arbitrators for change of the award. On December 8, 1971, a Clarification of Award was made so as to include certain liens and claims not previously considered, but in all other respects the award remained unchanged.

On January 28, 1972, Grudem filed a motion in district court requesting vacation of the award pursuant to Minn. St. 572.19. One of the arbitrators was subpoenaed to give testimony to establish that the award was procured by fraud and mistakenly caused an unintended result. On March 6, 1972, the district court issued two orders, one determining that testimony of an arbitrator was inadmissible and the other confirming the award. The latter

[1] The order is appealable pursuant to Minn. St. 572.26.

order was thereafter vacated to permit arguments relating to the vacation of the award. The order from which appeal is taken, confirming the award of arbitration and directing entry of judgment against Grudem, was filed on September 6, 1972.

Grudem contends that the award of arbitration should have been vacated because defendant violated a collateral agreement not to use attorneys and committed perjury in submitting facts to the arbitrators. Grudem also contends that arbitrators exceeded the scope of authority granted to them in the submission agreement by the award which denies a setoff of other claims. It is also argued that the testimony of an arbitrator should be admissible to show that the wording of the award causes an unintended result in preventing setoffs.

Minn. St. 572.19, subd. 1, lists five grounds for vacating an award of arbitration including the following:

"(1) The award was procured by corruption, fraud or other undue means;

\* \* \* \* \*

"(3) The arbitrators exceeded their powers."

Grudem argues that the award was procured through the fraud of Great Western in engaging an attorney to prepare the 50-page statement of claim presented to the arbitrators. This is claimed to be a violation of their agreement not to use counsel.

The parties' verbal agreement is confirmed in a number of letters to the American Arbitration Association. In a letter of Great Western dated October 7, 1971, it is stated:

"I would like to advise you and ask Grudem Brothers Company to confirm our verbal agreement that we each present our own case without the benefit of legal counsel \* \* \*."

In a letter of Grudem dated October 21, 1971, this understanding was confirmed:

"\* \* \* The agreement is that neither party shall use nor be accompanied by legal counsel during the course of the hearing."

After this letter was received, no attorneys were used by Great Western.

These letters reasonably indicate that the parties intended to restrict the use of counsel at the hearing itself rather than their use entirely. However, even if the parties intended to restrict the use of attorneys entirely, Grudem did not confirm the agreement until shortly before the hearing, at which time Great Western dismissed its attorneys. The agreement is capable of different interpretations. The mere fact that the parties viewed the limitation on the use of attorneys differently does not establish that Great Western acted fraudulently in its interpretation of the agreement. Besides, under Minn. St. 572.13, a party in arbitration proceedings or hearings has the right to be represented by an attorney and a waiver of the right prior to the proceeding or hearing is ineffective.

Grudem also alleges that the labor cost figures submitted by Great Western were perjured because they were substantially greater than other sworn cost figures. Great Western submitted these cost figures of about $35,000 based on sworn payroll records. Grudem, on the other hand, presented Great Western's sworn Davis-Bacon reports [2] showing labor costs of only about $10,000. The arbitrators accepted Great Western's figures as the proper measure of these costs.

Great Western explains the discrepancy in the different payroll figures as follows: (1) The Davis-Bacon reports covered a lesser period of work time; (2) they did not include the wages of company officials; (3) they did not reflect employee overhead expenses; (4) wages of some workers were not reported under instructions from Grudem.

The arbitrators make the final determination of all questions submitted to them whether legal or factual. The court will not overturn these conclusions even if it believes the arbitrators

---

[2] Davis-Bacon reports are required on all Federally financed projects to show compliance with minimum prevailing wages. 40 USCA, § 276c.

made an incorrect conclusion. If arbitrators' decisions were subject to reconsideration by the courts, arbitration proceedings would work merely to delay final decisions of controversies rather than bring them to speedy resolution. Cournoyer v. American Television & Radio Co. 249 Minn. 577, 580, 83 N. W. 2d 409, 411 (1957). In the present case, the arbitrators, as the final judges of the facts, were justified in accepting whichever payroll figures they decided most accurately reflected these costs. Furthermore, if Great Western did commit perjury in preparing the Davis-Bacon reports, it was perjury before the Federal authorities and not before the arbitrators.

Grudem also contends that the award should be vacated because the arbitrators exceeded their authority under the submission agreement. Grudem claims the arbitrators went beyond the matters submitted in that the language of the award prevents setoff against the award for other claims between the parties.

The dispute between the parties was submitted to arbitration to be determined according to the Construction Industry Arbitration Rules. The scope of the matters submitted was as follows:

"Great Western Piping Corporation claims that Grudem Brothers Company owes Great Western the sum of $49,760.35, in addition to amounts thus far paid, for work done, materials purchased, costs incurred and damages suffered by Great Western in connection with its undertaking as a subcontractor to Grudem Brothers on the project for the construction of aeration tanks at the Metropolitan Sanitary Sewer District sewage treatment plant at Pig's Eye, St. Paul, Minnesota.

"Grudem Brothers Company denies said claim and any liability in connection therewith."

In addition, the submission agreement stated:

"We agree that we will abide by and perform any Award rendered hereunder and that a *judgment may be entered upon the Award.*" (Italics supplied.)

On this disputed claim of $49,760.35, the arbitrators found for Great Western in the sum of $24,780.43 and stated:

"The Arbitrators have already fully considered all previous payments, payments by others and back charges by all contractors. No back charges or other deductions from the above shall be made."

We believe that the arbitrators did not exceed the scope of the authority granted them. The arbitrators were commissioned to settle the dispute involving the Pig's Eye project. In the submission agreement itself, the parties agreed to be bound by the arbitration award and that judgment could be entered upon it. A party against whom judgment is entered is not entitled to resist enforcement thereof by asserting that there are other disputed matters between the parties. Although the award prevents a setoff against the determined liability on this project, Grudem Brothers is not prevented from asserting and enforcing its other claims against Great Western independent of this award. We hold that an arbitration award which permits judgment to be entered thereon and thereby prevents setoffs against it of other disputed matters should not be construed as exceeding the scope of the matters submitted.

We also agree with the district court which refused to allow the testimony of an arbitrator to show an alleged mistake that caused the award to operate in a manner not intended by the arbitration panel. Grudem contends that the arbitrator's testimony will show that the arbitrators intended to allow offsets in the award payment for other damages and claims against Great Western by Grudem even though the wording of the award precludes such offsets.

The rule on the admissibility of an arbitrator's testimony is stated in 5 Am. Jur. 2d, Arbitration and Award, § 187, as follows:

"It is the general rule that an arbitrator may not by affidavit or testimony impeach his own award or show fraud or miscon-

duct on the part of the arbitrators. However, a dissenting arbitrator, the award not being his, may testify as to bias, partiality, or other misconduct of the arbitrators who render the award, the same as any other witness."

It is clear that the testimony of an arbitrator cannot be used to vary or add to the terms of an award. However, he is competent to testify concerning what matters were submitted for decision and considered by the arbitrators. Fukaya Trading Co. v. Eastern Marine Corp. 322 F. Supp. 278 (E.D. La. 1971); Gramling v. Food Machinery & Chemical Corp. 151 F. Supp. 853 (W.D.S.C. 1957); Griffith Co. v. San Diego College for Women, 45 Cal. 2d 501, 289 P. 2d 476, 47 A. L. R. 2d 1349 (1955); Sapp v. Barenfeld, 34 Cal. 2d 515, 212 P. 2d 233 (1949); Twin Lakes Reservoir & Canal Co. v. Platt Rogers, Inc. 112 Colo. 155, 147 P. 2d 828 (1944); Giannopulos v. Pappas, 80 Utah 442, 15 P. 2d 353 (1932); Putterman v. Schmidt, 209 Wis. 442, 245 N. W. 78 (1932); Stowe v. Mutual Home Builders' Corp. 252 Mich. 492, 233 N. W. 391 (1930). The reason for the rule is set forth in Gramling as follows:

"* * * [I]t would be most unfair to the arbitrators to order them to come into court to be subjected to grueling examinations by the attorneys for the disappointed party and to afford the disappointed party a 'fishing expedition' in an attempt to set aside the award." 151 F. Supp. 861.

In the case before us, the only purpose of introducing the arbitrator's testimony appears to be to impeach the award itself. We hold that an arbitrator is not permitted to testify as to a mistake in the award which causes an unintended result. To allow such testimony would vary the terms of the agreement and work to impeach it. The award should be interpreted from the language used therein rather than the testimony of one of the arbitrators as to what they meant to do by the award.

Finally, Great Western's claim for damages under Rule 138, Rules of Civil Appellate Procedure, for unjustified delay is

denied. Although some of Grudem's contentions on appeal may have been misconceived, they do not evidence being asserted merely to delay payment on the award.

Affirmed.

ON PETITION FOR REHEARING

On December 28, 1973, the following opinion was filed:

PER CURIAM.

Plaintiff requested a rehearing for the purpose of either determining the validity of certain setoffs of moneys paid by plaintiff on behalf of defendant as well as priorities of Federal tax and other liens, or amending the opinion so as to remand this matter to the district court for the purpose of making these determinations.

Since it is not for this court, which has only appellate jurisdiction, to make findings of fact, the petition is denied in so far as it requests this court to determine the validity of petitioner's setoff claims.

We agree, however, with plaintiff's contention that justice might not be served if the judgment rendered by the district court is allowed to be entered in accordance with the preceding opinion without opportunity for plaintiff to assert its equitable right of setoff.

Therefore, while we decline to grant a rehearing in this matter, we believe that in the interests of justice the opinion should be modified to provide for remand of the cause to the Hennepin County District Court with directions to stay the entry of judgment. The lower court should then determine whether the plaintiff's claims against defendant are meritorious or frivolous. If the claims are found to be meritorious, the stay should be continued until such time as plaintiff has had reasonable opportunity to pursue its claims to a judgment.

Such a judgment may then be set off in equity against the judgment on the arbitration award, pursuant to the district court's power, equitable in nature, to adjust adverse claims exist-

ing between its suitors. Lindholm v. Itasca Lbr. Co. 64 Minn. 46, 65 N. W. 931 (1896).

The district court is requested to advance any suit brought by plaintiff against defendant to the extent necessary to reach an expeditious adjudication.

The cause is remanded to the district court with directions to stay judgment in accordance with this opinion.

The petition for rehearing is otherwise denied.

MR. CHIEF JUSTICE SHERAN, MR. JUSTICE YETKA, and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.