**In the matter of Arbitration between AFSCME DISTRICT COUNCIL 96**

**and**

**INDEPENDENT SCHOOL DISTRICT NO. 381, TWO HARBORS, Minnesota.**

No. C2–84–11.

Court of Appeals of Minnesota.

July 3, 1984.

Review Denied Sept. 12, 1984.

Donald C. Erickson, Duluth, for employees.

Don L. Bye, Duluth, for AFSCME.

James N. Abelsen, Duluth, for ISD No. 381.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

This case concerns the seniority status of four employees of the Two Harbors School District. The employees appeal the trial court's affirmation of the arbitrator's decision that their seniority accrues from the date they joined AFSCME, rather than from their date of hire. We affirm.

## FACTS

The four employees were hired as teachers' aides between 1969 and 1976.

On March 14, 1970, the American Federation of State, County and Municipal Employees (AFSCME) was certified as the exclusive bargaining representative of all secretarial and clerical employees for the Two Harbors School District. Teachers' aides were not included in the contract until February 4, 1980. The four had joined AFSCME on various dates between 1978 and 1980.

In September, 1982, the school board issued a seniority list that credited secretarial and clerical workers with seniority from their date of hire, even if it predated the certification of the union. Seniority for the four aides, however, was listed as beginning from the date each had joined AFSCME.

The four aides sought to revise the list. They requested the school board to reissue the seniority list crediting them with seniority from their dates of hire. The school

board agreed. Then AFSCME filed a grievance concerning the board's action and the matter went to arbitration.

The arbitrator ruled that seniority for the four employees would accrue from the dates of their joining AFSCME rather than from their dates of hire. He relied primarily on the following provisions of the collective bargaining agreement:

*Article II*

*Section 1*

Seniority shall consist of the continuous uninterrupted accumulated paid service of the employees with the board.

*Section 4*

If an employee is transferred with his/her consent to a position outside the unit defined herein, he/she shall retain the seniority established up to and before leaving, which shall be exercisable upon his/her return within 30 days, but shall not accumulate seniority while serving outside of the unit.

*Section 7*

Employees upon promotion to higher classifications or change to a different position within the school system shall have 30 working days to determine whether he/she wishes to continue in the promoted position or not, with no loss of seniority during that period. The School Board, on the other hand, shall have 90 days in which to determine the capabilities of the promoted employee, and any time during the 90 day probation period the Board may act to demote the promoted employee to his/her former position in the school from which he/she came, with no loss of seniority during the entire probation period.

The arbitrator reasoned that seniority is a creature of the collective bargaining agreement. He recognized that Section 1 favored the employees' view that seniority should start at the time of hire. Then he focused on Sections 4 and 7 specifically. These carve out narrow circumstances when seniority would accrue for employment outside the bargaining unit. The arbitrator determined that such exceptions

would be unnecessary if seniority were to accrue automatically for work outside the contract. The District Court affirmed the arbitrator's decision.

Two Harbors school board takes the same position on appeal as the four employees.

## ISSUE

Did the arbitrator exceed his authority within the meaning of Minn.Stat. § 572.-19(1)(3) (1982) when he determined seniority, under this particular collective bargaining agreement, was to be credited not from the length of service with the employer, but from time within the bargaining unit?

## ANALYSIS

 The overriding purpose of the Arbitration Act is to encourage an informal, speedy, and relatively inexpensive resolution of disputes arising out of commercial transactions, including the labor management field. *Layne-Minnesota Co. v. Regents of the Univ. of Minnesota,* 266 Minn. 284, 123 N.W.2d 371 (1963). When the parties have agreed to avail themselves of the benefits of arbitration, judicial interference should be kept to a minimum. For that reason, the standard to be applied in reviewing arbitration awards is deferential to the arbitrator's decision and has been stated conclusively in *Carlstrom v. Independent School Dist. No. 77,* 256 N.W.2d 479 (Minn.1977) as follows:

> The arbitrators make the final determination of all questions submitted to them whether legal or factual. The court will not overturn these conclusions even if it believes the arbitrators made an incorrect conclusion. If arbitrators' decisions were subject to reconsideration by the courts, arbitration proceedings would work merely to delay final decisions of controversies rather than bring them to speedy resolution.

*Id.* at 483 (quoting *Grudem Bros. Co. v. Great Western Piping Corp.,* 297 Minn. 313, 316, 213 N.W.2d 920, 922 (1973)).

The present appeal is taken pursuant to Minn.Stat. § 572.19(1)(3) (1982)

which permits a court to vacate an arbitration award when "the arbitrators exceeded their powers." Recently this section was interpreted by *Ramsey County v. AFSCME, Council 91, Local 8,* 309 N.W.2d 785 (Minn.1983) which reinstated an arbitrator's award based on the past practice of the parties that was in conflict with the clear and unambiguous language of the parties' written agreement. In upholding the arbitrator, our Supreme Court required only that the award "draw its essence from the collective bargaining agreement." *Id.* at 792. Thus, an award is appropriate:

> so long as the interpretation can in some rational manner be derived from the agreement, "viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by the principles of contract construction and the law of the shop, may a reviewing court disturb the award."

*Id.* Applying this test to the instant case, we are unpersuaded that the award failed to draw its essence from the collective bargaining agreement. The arbitrator determined that Sections 4 and 7 of the agreement limited the accrual of seniority for work outside the contract. His judgment was based on permissible considerations. Even if we were to disagree with the arbitrator's decision, it is of no consequence because "the arbitrator's construction of the parties' agreement ... was bargained for; not the interpretation of this court." *Id.* at 793.

## DECISION

The arbitrator did not exceed his authority in construing the collective bargaining agreement.

We affirm.