**INDEPENDENT SCHOOL DISTRICT NO. 51, FOLEY, MINNESOTA, petitioner, Appellant,**

v.

**SCHOOL SERVICE EMPLOYEES UNION LOCAL 284, AFL–CIO, et al., Respondents.**

No. C4–88–892.

Court of Appeals of Minnesota.

Sept. 13, 1988.

James E. Knutson, Stephen M. Knutson, Knutson, Flynn, Hetland & Deans, P.A., St. Paul, for petitioner, appellant.

Lawrence P. Zielke, Orlins & Brainerd, Richfield, for respondents.

Heard, considered and decided by PARKER, P.J., SCHUMACHER and IRVINE, JJ.*

## OPINION

PARKER, Judge.

Independent School District # 51 appeals from the district court judgment denying its motion to vacate an arbitrator's award. We affirm.

## FACTS

Independent School District # 51 (school district) employed Richard Smith as a custodian. Smith was a member of School Service Employees Union Local 284, AFL–CIO (the union), and covered by a collective bargaining agreement (the agreement). After the union and the school district negotiated a higher salary schedule for the

1985–86 school year, the school district declined to elevate Smith's wages to the higher rate because of alleged deficiencies in his work performance. Smith did not file a grievance at that time. Smith's performance improved during the following school year, and he received his 1986–87 increase effective July 1, 1986.

The union learned of the school district's withholding of Smith's salary increase for the 1985–86 year on October 23, 1986, during negotiations for the ensuing period. The union immediately notified the school district of its allegation that their action constituted a unilateral setting of Smith's pay rate and was therefore in violation of the agreement. The union filed its grievance on November 3, 1986, and on December 2, 1986, informed the school district of its intent to proceed with arbitration.

Although the arbitrator found there did exist a demonstrable deficiency in Smith's performance, she also found that the school district took unilateral action that negatively affected the union's ability to represent the employees of the school district. She thus found that the union was in fact an aggrieved party, that its grievance was timely filed, and that the matter was arbitrable. Ultimately, the arbitrator found that the withholding of the incremental wage increase from Smith without notice to the union constituted a violation of Article VI of the agreement. As a remedy, she ordered that the amount withheld from Smith for the year 1985–86 ($732) be paid to the union and used to pay for union representation of member employees.

The trial court denied the school district's motion to vacate the arbitrator's award, and the school district appeals.

## ISSUES

1. Did the trial court err in sustaining the arbitrator's finding that this matter was arbitrable?

2. Did the trial court err in sustaining the arbitrator's award of $732 to the union?

---

* Acting as judge of the Court of Appeals by ap-   pointment pursuant to Minn. Const. art. 6, § 2.

## DISCUSSION

### I

The threshold issue to be determined by this court is whether the dispute was arbitrable and thus properly before the arbitrator. In determining arbitrability, courts are not bound by the arbitrator's decision, but must consider the question de novo. *Arrowhead Public Service Union v. City of Duluth,* 336 N.W.2d 68, 70 (Minn.1983).

We find that several sources provide guidance as to arbitrability. Minn. Stat. § 179A.20, subd. 4 (1986), provides a grievance procedure for public employees through their contracts. The applicable language states:

> All contracts shall include a grievance procedure which shall provide *compulsory binding arbitration of grievances including all disciplinary actions.*

(Emphasis added). It is undisputed that withholding the pay increase constituted a disciplinary action directly involving Richard Smith. Although the union did not become involved in the merits of the disciplinary action, the matter was, at its core, still a disciplinary action, which the statute presumes is arbitrable.

Even more persuasive on the question of arbitrability is the language of the collective bargaining agreement. In *Arrowhead Public Service Union,* the Minnesota Supreme Court stated that the arbitrability of an issue is determined by ascertaining the parties' intention from the language of the agreement itself. *Arrowhead,* 336 N.W.2d at 70. Article X, section 2, of the agreement provides that "[i]f the grievance involves and affects more than five employees, the grievance may be reduced to writing by the Exclusive Representative." Thus, the remainder of the grievance procedures become applicable, including the provisions for arbitration.

We find merit in the union's claim that unilateral action by the school district involves and affects all union members by diminishing their union representation. Furthermore, the agreement does not specifically preclude the union from filing a grievance, nor does it require the union to have grievances filed by affected individual members before it may act in the best interests of its members and the union. The language of the agreement did not mandate the arbitrator's decision on arbitrability, and this court need not defer to that decision. However, in *Ramsey County v. AFSCME Council 91, Local 8,* 309 N.W.2d 785 (Minn.1981), the supreme court stated that while the arbitrator's power is not without limit, if the award draws its "essence" from the collective bargaining agreement, it is legitimate. *Id.* at 790. This court is satisfied that the arbitrator's decision on arbitrability derived its essence from the contents of the agreement.

There is also some evidence of past practice of this union and school district suggesting that the action taken by the school district in this instance was unilateral and that a grievance was suffered by the union. In a matter involving another custodian, the union and the school district entered into an agreement to pay him less because of limitations on his ability to perform a certain job. In that case there was a memorandum signed by representatives of both the union and the school board. While not perfectly analogous, this prior case is evidence that the parties did not treat the agreement as allowing unilateral action in withholding scheduled uniform pay increases.

The school district contends that this grievance was not timely filed and therefore is not arbitrable. We do not agree. Article X of the agreement contains the grievance procedure. The second paragraph of section 2 states:

> If the grievance involves and affects more than five employees, the grievance may be reduced to writing * * * and *must be served upon the employer within twenty days after the grievance occurred or twenty days after the grievants,* through the use of reasonable diligence, *should have had knowledge* of the occurrence that gave rise to the grievance.

(Emphasis added).

Since we have already indicated that we agree with the arbitrator's decision that

the union did in fact have its own grievance, the time begins to run when the union learned of the grievance. The union made the discovery on October 23, 1986, and a grievance was filed on November 3, 1986. Thus, the filing was clearly done within 20 days. The matter was timely filed and arbitrable.

## II

The school district argues that the award of $732 to the union amounted to punitive damages rather than compensatory damages and that the arbitrator therefore exceeded her powers.

Minn.Stat. § 572.19, subd. 1 (1986), provides in part that an arbitrator's award may be vacated where the award was procured by corruption, fraud, or other undue means; where there was evidence of partiality by an arbitrator; or where the arbitrator exceeded his powers. The Minnesota Supreme Court has held that the power to fashion a remedy is a necessary part of the arbitrator's jurisdiction in a labor dispute unless it is withdrawn from the arbitrator by specific contractual language or by a written submission of issues which precludes the fashioning of a remedy. *City of Bloomington v. Local 2828 of the American Federation of State, County & Municipal Employees*, 290 N.W.2d 598, 603 (Minn.1980). In *Children's Hospital, Inc. v. Minnesota Nurses Association*, 265 N.W.2d 649 (Minn.1978), that same court held that courts will set aside an arbitration award only when the objecting party meets its burden of proof that the arbitrator has clearly exceeded the powers granted in the arbitration agreement; a court will not overturn an award merely because it disagrees with the arbitrator's decision on the merits. *Id.* at 652.

■ In an earlier decision the supreme court held that absent an agreement limiting the arbitrator's authority, the arbitrators are final judges of law and fact concerning the merits of the dispute, including interpretation of contract terms. *State v. Berthiaume*, 259 N.W.2d 904, 910 (Minn. 1977). The supreme court has even gone so far as to hold that an arbitrator's award

may not be overturned even if the court believes it to be incorrect. As justification for this holding, the court stated that if arbitrators' decisions were subject to reconsideration by trial courts, arbitration proceedings would work merely to delay final decisions of controversies, rather than bring them to speedy resolution. *Grudem Brothers Co. v. Great Western Piping Corp.*, 297 Minn. 313, 316–17, 213 N.W.2d 920, 923 (1973); *see also E.D.S. Construction Co. v. North End Health Center, Inc.*, 412 N.W.2d 783, 785 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Nov. 18, 1987). In short, Minn.Stat. § 572.19, subd. 1 (1986), and the above cases indicate that even though the relief granted by the arbitrator was innovative or unique, or even if the relief could not or would not be granted by a court of law or equity, this alone does not provide grounds for vacating or refusing to confirm the arbitrator's award.

A grievance is defined in this collective bargaining agreement as a dispute or disagreement on the interpretation or application of any terms of any contracts required under Minn.Stat. § 179.70, subd. 1. The only limitation placed on the arbitrator is that he shall not have the power to add, subtract from, or modify in any way the terms of the existing contract. The agreement also provides that the decision of the arbitrator shall be final and binding on all parties to the dispute, unless the decision violates any provision of Minnesota law. 1985–1986 Collective Bargaining Agreement, Article X, subd. 4.

■ We conclude that the school district has not met its burden of showing corruption, fraud, partiality, or that the arbitrator has exceeded her powers as limited by the terms of the agreement. The arbitrator refused to order back pay for Smith. However, since she had determined that it was the union, rather than Smith, that was aggrieved, she ordered that the $732 withheld be paid to the union "in order that it may be used for the purpose of representation of the employees represented by School Service Employees Local No. 284." We conclude that this award of damages to the union was not punitive and did not exceed

the arbitrator's powers. It was not used to punish the school district but, rather, to divest the employer of a salary savings achieved by a procedural violation of the collective bargaining agreement. The arbitrator's award is therefore affirmed.

### DECISION

AFFIRMED.