## TEXTILE WORKERS UNION OF AMERICA

### v.

**CAST OPTICS CORPORATION, a New Jersey corporation also known as Cast Acrylics Corporation, Appellant in Nos. 71–1622, 71–1623, and Cast Optics Corporation, a Delaware Corporation, Appellant in No. 71–1621.**

#### Nos. 71–1621 to 71–1623.

United States Court of Appeals, Third Circuit.

Argued May 5, 1972.

Decided July 5, 1972.

Guy J. Farina, Stamford, Conn., Samuel Gruber, Gruber & Turkel, Stamford, Conn., William Rossmoore, Newark, N. J., for appellant, Cast Optics Corpora-

tion, a New Jersey Corporation; Judith Mears, New Haven, Conn., on the brief.

Sidney Reitman, Kapelsohn, Lerner, Leuchter, Reitman & Maisel, Newark, N. J., for appellee.

Before VAN DUSEN, ROSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The appellants challenge an April 29, 1971, district court order confirming an arbitrator's award, in a labor dispute,[1] against the employer and the successor corporation to such employer after hearing on summary proceedings pursuant to General Rule 12, subd. A of the district court. The same order by the district court also dismissed a counterclaim brought by the employer (as to which a demand for jury trial had been made) on the ground that recovery on this damage claim was available in an action previously brought by the employer against the union which was then pending in the same district court (D.N.J., Civil Action No. 1242–70).

After a careful consideration of the record and the issues raised by the parties on appeal, we affirm the district court order on the basis of the April 29, 1971, opinion of the district court, to which its order of that date is attached.

■■ The recent decision of the Supreme Court in NLRB v. Burns International Security Services, Inc., 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972), is entirely consistent with the result reached by the district court in confirming the award against the successor corporation. In *Burns* the Court dealt with a company which had succeeded to the security work performed by a previous company and which employed 27 of the 42 guards employed by the predecessor. The Court held that in these circumstances, the successor company had a duty to bargain with a union which represented the predecessor's employees but was not bound by the substantive provisions of the collective bargaining agreement negotiated by the predecessor. In connection with the latter holding, the Court declared:

"Here there was no merger, no sale of assets, no dealings whatsoever between Wackenhut and Burns. On the contrary, they were competitors for the same work, each bidding for the service contract at Lockheed. Burns purchased nothing from Wackenhut and became liable for none of its financial obligations. Burns merely hired enough of Wackenhut's employees to require it to bargain with the union as commanded by § 8(b) (5) and § 9(a). But this consideration is a wholly insufficient basis for implying either in fact or in law that Burns had agreed or must be held to have agreed to honor Wackenhut's collective-bargaining contract." 406 U.S. at 286, 92 S.Ct. at 1582.

In the instant case, however, the successor corporation, Cast Optics Corporation of Delaware, purchased substantially all the assets of Cast Optics Corporation of New Jersey on January 5, 1970, during the pendency of these proceedings (and those before the NLRB—see note 1, *supra*), plant operations continued at the same location, the principals of the two corporations were identical, and there is substantial support for the district court's conclusion that "the change in ownership from the New Jersey corporation to the Delaware corporation was a deceptive scheme entered into by the principals in interest of Cast Optics Corporation in order to avoid the consequences of an unfavorable decision in either the National Labor Relations Board or arbitration proceedings". In these circumstances, the district court

---

1. The background of this dispute is described in our recent opinion in NLRB v. Cast Optics Corp., 458 F.2d 398 (3d Cir., 1972), enforcing the Board's order directed to Cast Optics Corporation with respect to several violations of the National Labor Relations Act engaged in by Cast Optics Corporation in connection with the labor dispute.

order that the award be confirmed against Cast Optics of Delaware, as well as Cast Optics of New Jersey, is supported by the record.[2]

The April 29, 1971, district court order will be affirmed.

---

2. See John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Monroe Sander Corporation v. Livingston, 377 F.2d 6 (2d Cir.), cert. denied, 389 U.S. 831, 88 S.Ct. 97, 19 L.Ed.2d 89 (1967); United Steelworkers of Amer. v. Reliance Univ., Inc., 335 F.2d 891 (3d Cir. 1964); Wackenhut Corporation v. Inter. Union, United Plant Guard Workers, 332 F.2d 954 (9th Cir. 1964).

In view of the evidence before the district court bearing on the relationship between Cast Optics of Delaware and Cast Optics of New Jersey, including the June 4, 1970, testimony in Civil Action No. 147–70 (contempt proceeding brought in connection with the NLRB proceeding —see note 1, *supra*) which was admitted into evidence without objection at the February 3, 1971, hearing, the district court's refusal to hear oral evidence at the February 3, 1971, hearing on the issue of whether the arbitrator's award should also be confirmed against Cast Optics of Delaware was, if anything, harmless error, particularly in view of the limited nature of the evidence which Cast Optics of Delaware indicated that it intended to introduce (see N.T. January 25, 1971, hearing at 63–64) and the opportunities available to Cast Optics of Delaware to present such evidence by way of affidavits submitted to the district court, if not at previous hearings. (It is noted that the Order To Show Cause on Plaintiff's Motion to Confirm Award of Arbitrator dated August 12, 1970, specifically provided for the service of "Defendants' answer and answering affidavits, if any, together with true copies of such exhibits or briefs as Defendants may wish to present at the hearing of this cause, . . . .")