Terry TWOMEY, Sheriff of Carlton County, et al., Respondents,

v.

Marvin DURKEE et al., Appellants.

No. 49928.

Supreme Court of Minnesota.

April 18, 1980.

Donald Diesen, County Atty., Carlton, for appellants.

Halverson, Watters, Bye & Downs, Duluth, for respondents.

OTIS, Justice.

Defendants appeal from a summary judgment determining that plaintiff Twomey, the sheriff of Carlton County, legally terminated the employment of defendants Durkee and Clemons as deputy sheriffs on July 20, 1977, and that an arbitrator's decision and award determining that the deputies had been discharged without just cause and directing their reinstatement was a nullity. We reverse and remand for further proceedings.

The controversy arose out of the deputies' alleged failure to respond promptly to a call reporting an armed robbery on July 11, 1977. After each was notified on July 20 that his employment was terminated immediately because of this incident and another breach of duty alleged to have occurred several months earlier, the defendant union promptly filed grievances with Twomey pursuant to a collective bargaining agreement executed on July 14, 1975, by the union, Twomey, and the county. In addition, in October 1977 defendant Durkee requested, and Twomey refused, a hearing on the discharge pursuant to the Veterans Preference Act, Minn.Stat. § 197.46 (1978).

All parties agreed to arbitrate the dispute pursuant to the grievance procedure in the collective bargaining agreement, but stipulated to the use of one arbitrator instead of three. Following a hearing before the arbitrator on November 8 and 9, 1977, he issued his decision and award on December 13, which, as stated, directed that the deputies be reinstated.

After plaintiff Twomey notified the deputies immediately that he would not comply with the decision and award, he and the county brought this action seeking a declaratory judgment that the deputies' positions had been legally terminated on July 20, 1977, and an order vacating the arbitrator's decision and award. In answer defendants

sought confirmation of the award, back wages, the reinstatement of Deputy Durkee, and damages for alleged unfair labor practices and violation of the deputies' civil rights.

Plaintiffs moved for summary judgment, contending that the collective bargaining agreement between the parties had expired, the provisions of the Public Employees Labor Relations Act (PELRA), Minn.Stat. §§ 179.61–.76 (1978), did not apply, and the arbitrator's decision and award was void in the absence of a statutory or contractual obligation to arbitrate; and that the discharges were therefore authorized under Minn.Stat. § 387.14 (1978), which empowers a sheriff to discharge his deputies without cause. Defendants also sought summary judgment, urging that the arbitration proceedings were binding on the parties because the collective bargaining agreement remained in full force and effect and because plaintiffs were estopped to deny the existence of a contractual obligation to arbitrate the dispute. Both parties relied on Article 36 of the collective bargaining agreement, which provides:

Section 1. This Agreement shall be effective from the first day of January, 1975, and shall continue in force and effect up to and including the 31st day of December, 1976, until and unless either party as least sixty (60) days before the 31st day of December, 1976, notifies the other party in writing that it desires to terminate or modify this Agreement. If the notice given is one expressing an election to terminate, it shall then expire on December 31, 1976. If the notice is one of modification, the parties shall then begin negotiations on the proposed modification as soon as possible after such notice has been given. During the period of negotiations on the modifications, the terms and conditions of the agreement on which there was no request for modification shall remain in full force and effect.

Section 2. This Agreement may be opened by either party by giving to the other party sixty (60) days' notice prior to December 31, 1976. Such notice may be delivered personally or by registered

mail, and if by mail the notice must be received sixty (60) days prior to December 31, 1976.

Without any evidence before it that either party had chosen to give notice of intent to modify or terminate the contract, the trial court initially determined that the agreement had expired on December 31, 1976. Defendants subsequently furnished proof that the defendant union had notified plaintiffs within the required sixty-day period of its intention to open the agreement for modification of certain provisions, not including the article relating to employment of grievance procedures and arbitration, and that plaintiff county had responded within that period with a notice that it desired to terminate the contract. The trial court then construed Article 36 as conferring on either party the right to terminate the contract absolutely if the other gave notice of an intention to modify it, and held that the agreement had expired on December 31, 1976. The court further determined that PELRA was not applicable in the absence of a collective bargaining agreement and arbitration was thus not compulsory by reason of PELRA; that the decision and award was a nullity; and that plaintiffs were not estopped to deny the absence of an obligation to arbitrate.

In this court defendants contend that the trial court improperly construed Article 36 and also urge that plaintiffs are estopped from asserting that they had no contractual obligation to arbitrate.

We need not decide whether the trial court properly construed Article 36 because regardless of their rights under the collective bargaining agreement, plaintiffs are estopped by their participation in the arbitration proceeding from later asserting that they had no contractual obligation to do so. Although the trial court was of the impression that they were free to change their position, their election to employ the grievance and arbitration procedure provided by the collective bargaining agreement (as modified by the parties' stipulation to submit the matter to one arbitrator) gave de-

fendants every reason to assume that this procedure would result in a binding arbitration and caused them to spend time and money to participate in the proceedings. Plaintiffs by acquiescing in and participating in the proceeding in effect represented that the contract provision for arbitration was in force, that the dispute was arbitrable, and that the parties would be bound by the decision and award if it conformed to the other requirements of Minn.Stat. § 572.-19 (1978). To permit them now to claim that the absence of a contractual obligation to arbitrate invalidates the decision and award would be obviously prejudicial to defendants and in our view requires the application of estoppel to preclude such inequitable conduct. *See Reeves v. Tarvizian,* 351 F.2d 889 (1st Cir. 1965); *Textile Workers v. Cast Optics Corp.,* 80 L.R.R.M. 3183 (D.N.J. 1971), *aff'd, Textile Workers Union of America v. Cast Optics Corp.,* 464 F.2d 577 (3rd Cir. 1972); *Local 964, United Bhd. of Carpenters v. N. J. Nesmith Constr. Co.,* 93 L.R.R.M. 2504 (S.D.N.Y.1976). A claim asserted by plaintiff but not passed upon below, that the arbitrator had refused to admit certain evidence relevant to the controversy in violation of Minn.Stat. § 572.19 subd. 1(4) (1978), is not affected by a finding of estoppel. Nor are other objections to the decision and award permissible under § 572.19 except those relating to arbitrability.

The summary judgment is reversed and the matter remanded for further proceedings.

YETKA, J., took no part in the consideration or decision of this case.