**Robert R. HELMERICHS, Respondent,**

v.

**BANK OF MINNEAPOLIS & TRUST COMPANY, Appellant.**

No. C6–84–626.

Court of Appeals of Minnesota.

June 5, 1984.

Robert J. Sheran, Kevin H. Roche, Minneapolis, for respondent.

Peter S. Hendrixson, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., FORSBERG and LESLIE, JJ.

## MEMORANDUM OPINION AND ORDER

### FACTS

Respondent Robert R. Helmerichs was employed as president of Bank of Minneapolis & Trust Company from 1974 through his resignation in January of 1983. His employment contract was for a fixed term and the final renewal ran through December 31, 1985.

Respondent demanded arbitration pursuant to the employment contract. An arbitration hearing occurred in October, 1983 and an award was entered in November, 1983 granting respondent salary and benefits due under the contract.

Before the arbitration panel, appellant Bank argued that public policy voided the contract of employment but only in a post-hearing brief submitted to the arbitrators did appellant argue the illegality of the employment contract voided the arbitration clause.

In January 1984, in Hennepin County District Court, appellant Bank moved to vacate the award and respondent moved for confirmation. Appellant's motion to vacate was based upon Minn.Stat. § 572.19, subd. 1(3) and (5) (1982). By order dated February 21, 1984, Judge Irving C. Iverson confirmed the award. In confirming the award, the trial court found that appellant's objection to arbitrability under Minn. Stat. § 572.19, subd. 1 (1982), was untimely made.

### ANALYSIS

1. A party may lose its right to object to arbitration by participating in arbitration without raising an objection to doing so. *Twomey v. Durkee*, 291 N.W.2d 696 (Minn.1980); Minn.Stat. § 572.19, subd. 1(5) (1982).

2. The trial court's finding that the question of arbitrability was raised only in a one-sentence paragraph in a post-hearing brief submitted to the arbitrators is not clearly erroneous.

3. Appellant's motion to vacate the arbitration award pursuant to Minn.Stat. § 572.19, subd. 1(3) (1982), on the basis that the arbitrators exceeded their powers, is based on the issue of arbitrability and was also waived.

4. Arbitration is an alternative dispute process favored by the courts. Judicial restraint should be exercised in reviewing arbitration proceedings. As the Supreme Court said in *Ramsey County v. AFSCME, Council 91, Local 8*, 309 N.W.2d 785 (Minn.1981):

The Uniform Arbitration Act, Minn. Stat. §§ 572.08–.30 (1980) governs the authority and procedure for judicial interference with the arbitration process under either a private sector or public sector collective bargaining agreement con-

taining an arbitration clause unless otherwise provided in the agreement. *State v. Berthiaume,* 259 N.W.2d 904, 909 (Minn.1977); *Minnesota Education Association v. Independent School District No. 495,* 290 N.W.2d 627, 629 (Minn. 1980). Under the Act, courts are empowered to vacate an arbitrator's award only on the grounds specified in section 572.-19, subd. 1(3). Among the grounds justifying vacation of an award is when the arbitrator exceeds his powers.

We have consistently recognized that the Uniform Act is to be liberally interpreted and applied, noting that its basic intent is " * * * to discourage litigation and to foster speedy, informal and relatively inexpensive procedures for the voluntary resolution of disputes in a forum created, controlled, and administered by the written arbitration agreement." *Dunshee v. State Farm Mutual Auto. Ins. Co.,* 303 Minn. 473, 481, 228 N.W.2d 567, 572 (1975) *quoted in State v. Berthiaume,* 259 N.W.2d 904, 909 (Minn.1977) and *Minnesota Education Association v. Independent School District No. 495,* 290 N.W.2d 627, 629 (Minn.1980). *See also Layne-Minnesota Co. v. Regents of the University of Minnesota,* 266 Minn. 284, 123 N.W.2d 371 (1963).

Consistent with the policy of fostering arbitration of labor disputes, judicial intervention has been carefully circumscribed by this court. In reviewing arbitration awards, we stated:

> The scope of the arbitrators' powers is a matter of contract to be determined from the reading of the parties' arbitration agreement, and an arbitrators' award will be set aside by the courts only when the objecting party meets its burden of proof that the arbitrators have clearly exceeded the powers granted to them in the arbitration agreement; courts will not overturn an award merely because they may disagree with the arbitrators' decision on the merits.

*Children's Hospital, Inc. v. Minnesota Nurses Association,* 265 N.W.2d 649,

652 (Minn.1978); *See State v. Berthiaume,* 259 N.W.2d 904, 910 (Minn.1977). *Id.* at 789–90 (footnote omitted).

■ 5. The Bank's public policy argument was flatly rejected by the arbitration panel and the district court. An employment contract with bank officers is a commonplace occurrence in banking circles. All questions of fact and law were properly decided by the arbitrators. The employment agreement contained an arbitration clause. A person objecting to arbitration must timely raise the objection so a party seeking arbitration can make an informed choice whether to pursue arbitration with the risk that the dispute would be found nonarbitrable or to abandon arbitration and pursue other remedies. To allow a claim of no agreement to arbitrate after the hearing is over results in a waste of time and money. The Bank never applied to stay arbitration under Minn.Stat. § 572.09(b) (1982). Under the facts here, the Bank cannot now utilize Minn.Stat. § 572.19, subd. 1(5) (1982) to vacate the award. As stated in *Twomey:*

> Plaintiffs by acquiescing in and participating in the proceeding in effect represented that the contract provision for arbitration was in force, that the dispute was arbitrable, and that the parties would be bound by the decision and award if it conformed to the other requirements of Minn.Stat. § 572.19 (1978). To permit them now to claim that the absence of a contractual obligation to arbitrate invalidates the decision and award would be obviously prejudicial to defendants and in our view requires the application of estoppel to preclude such inequitable conduct.

*Twomey,* 291 N.W.2d at 699.

## DECISION AND ORDER

Because the finding of the trial court that the question of arbitrability of the employment contract was not timely raised before the arbitrators and was waived is not clearly erroneous, the appeal is dismissed on the merits with prejudice.