Duane M. LYSHOLM, et al.,
Appellants,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, Respondent.

No. C8–86–1801.

Court of Appeals of Minnesota.

April 14, 1987.

Austin D. Ditzler, Castor, Ditzler, Klukas & Scherer, Chartered, Minneapolis, for appellants.

John Mark Catron, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LESLIE, JJ.

## OPINION

HUSPENI, Judge.

Appellants, Duane and Nancy Lysholm, brought suit against respondent, Liberty Mutual Insurance Company, for compensation they claimed they were entitled to under their automobile insurance contract. The trial court found appellants were bound by an earlier arbitration award and granted summary judgment to respondent. Appellants argue on appeal that the trial court erred in determining they were not entitled to a jury trial and in denying their motion to strike portions of respondent's answer. We affirm.

## FACTS

Appellant, Duane Lysholm, was involved in two automobile accidents: one on May 21, 1981, with an insured driver, and one on May 27, 1983, with an uninsured driver. Lysholm filed claims with respondent, his insurer, for underinsured benefits from the 1981 accident and for uninsured benefits from the 1983 accident.

The portion of appellants' insurance policy referring to uninsured claims provided in part:

> If we and a covered person disagree whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third.

The underinsured portion of the policy imposed similar arbitration requirements but further stated:

> Unless both parties agree otherwise, arbitration will take place in the county in which the covered person lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
>
> 1. Whether the covered person is legally entitled to recover damages; and
>
> 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of Minnesota. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

Appellants eventually filed applications for orders to compel arbitration on both claims, and the claims were joined and considered at an arbitration hearing. The arbitration panel determined that appellants' uninsured claim had a value of $27,000 and appellants' underinsured claim did not exceed the underlying coverage.

Following receipt of the arbitration award, appellants served a summons and complaint on respondent asking for damages in excess of $50,000 under their insurance contract. Respondent's answer alleged in part that appellants' claim was barred by the insurance contract they were suing on; that appellants' claim was barred by the doctrine of res judicata and that appellants had failed to state a claim upon which relief could be granted. Appellants then brought a motion to strike these portions of respondent's answer and to rule appellants were entitled to a jury trial. In response, respondent moved for summary judgment, and the trial court granted respondent's motion.

## ISSUES

1. Did the trial court err when it concluded that appellants are estopped from challenging the arbitration clause in their insurance policy because they participated in arbitration?

2. Did the trial court err when it denied appellants' motion to strike portions of respondent's answer?

## ANALYSIS

### I.

Appellants claim that the trial de novo provision in the underinsured portion of their insurance policy is against public policy and therefore they are entitled to a trial on their damage claim despite the fact that they sought arbitration. We recognize that the trial de novo clause in appellants' insurance policy raises serious policy considerations. Appellants argue that an insured objecting to an arbitration award as unreasonably low would have no opportunity to submit the issue to trial while an insurer objecting to an award as unreasonably high would have such recourse. Further, the provision arguably frustrates the policy favoring the finality of arbitration awards. *See Pierce v. Midwest Family Mutual Insurance Co.,* 390 N.W.2d 358 (Minn.Ct.App.1986).

■ Despite these policy concerns we must agree with the trial court's conclusion

that appellants, having proceeded to arbitration without protest, are estopped from raising these issues now. In *Twomey v. Durkee*, 291 N.W.2d 696 (Minn.1980), the supreme court found that a party that participated in arbitration could not later argue they had no contractual obligation to arbitrate. *Id.* at 698. The supreme court stated:

> Plaintiffs by acquiescing in and participating in the proceeding in effect represented that the contract provision for arbitration was in force, that the dispute was arbitrable, and that the parties would be bound by the decision * * *. To permit them now to claim that the absence of a contractual obligation to arbitrate invalidates the decision and award would be obviously prejudicial to defendants and in our view requires the application of estoppel to preclude such inequitable conduct.

*Id.* at 699.

A similar conclusion was reached in *Helmerichs v. Bank of Minneapolis and Trust Co.*, 349 N.W.2d 326 (Minn.Ct.App.), *pet. for rev. denied*, (Minn. Dec. 20, 1984), where this court stated:

> A party may lose its right to object to arbitration by participating in arbitration without raising an objection to doing so.

*Id.* at 327. The reason for a timely objection is

> so a party seeking arbitration can make an informed choice whether to pursue arbitration with the risk that the dispute would be found nonarbitrable or to abandon arbitration and pursue other remedies. To allow a claim of no agreement to arbitrate after the hearing is over results in a waste of time and money.

*Id.* at 328.

In the present case appellants do not even argue that they had no duty to arbitrate under their insurance policy. Rather they claim that because the trial de novo clause is against public policy, they are entitled to a trial under any circumstances. We cannot agree with this reasoning. Having taken advantage of the arbitration proceeding provided for in the policy without objection, appellants are now estopped from arguing that the arbitration award should not be binding.

Appellants also argue that the trial de novo provision is adhesive and therefore they are entitled to a trial. Once again we must disagree. In the present case the arbitration clause was clear and evident upon a reading of the policy. *See Atwater Creamery Co. v. Western National Mutual*, 366 N.W.2d 271, 278 (Minn.1985). Appellants themselves sought arbitration and cannot now, without prior objection, claim they should not be bound by the arbitration award.

Appellants further attempt to argue that the trial de novo provision is ambiguous and should be construed in their favor. Our review of the record does not show that this issue was raised prior to appeal. We will not address an issue raised for the first time on appeal. *See Thayer v. American Financial Advisors, Inc.*, 322 N.W.2d 599, 604 (Minn.1982).

## II.

Under Minn.R.Civ.P. 12.06 a court may order "stricken from any pleading any insufficient defense of any redundant, immaterial, impertinent or scandalous matter." Appellants claim that the trial court erred when it refused to strike portions of respondent's answer that asserted appellants' claim was barred by the insurance contract, that appellants' claim was barred by the doctrine of res judicata and that appellants failed to state a claim upon which relief could be granted. The trial court's refusal to strike these portions of respondent's answer does not constitute reversible error. The trial court did not rely on these issues in granting summary judgment for respondent. Therefore, we cannot find that appellants were in any way prejudiced by the trial court's denial of their motion to strike. *See Pautz v. American Insurance Co.*, 268 Minn. 241, 247, 128 N.W.2d 731, 736 (1964).

## III.

Respondent argues on appeal that appellants' claim for a trial was barred

because of their failure to request a trial within sixty days as required under the insurance policy. Our review of the record does not show respondent raised this issue at the trial court level nor has it raised the issue in a notice of review to this court. *See* Minn.R.Civ.App.P. 106. Under the circumstances we will not consider respondent's claim on appeal.

## DECISION

The trial court properly granted summary judgment to respondent because appellants were estopped from attacking the arbitration award.

Affirmed.