**Donald AUFDERHAR, Jr., Appellant,**

v.

**DATA DISPATCH, INC., et al.,
Respondents,**

v.

**WESTFIELD INSURANCE
COMPANIES, Intervenor.**

No. C7-88-2006.

Court of Appeals of Minnesota.

March 28, 1989.
Review Granted May 24, 1989.

**680**

John W. Wood, Jr., Johnson, Wood, Phleger & Bigelow, Wayzata, for appellant.

Wayne J. Studer, Larry J. Peterson & Associates, St. Paul, for respondents.

Brian J. Love, Arthur, Chapman & McDonough, Minneapolis, for intervenor.

Considered and decided by FOLEY, P.J., and FORSBERG and MULALLY,* JJ., without oral argument.

## OPINION

FOLEY, Judge.

Appellant Donald Aufderhar, Jr. seeks review of the trial court's order barring relitigation of the issue of damages and judgment of dismissal. We affirm.

## FACTS

In 1986, Aufderhar commenced a personal injury suit against respondents Data Dispatch, Inc. and John Schuck. Aufderhar also submitted a claim for uninsured motorist benefits to intervenor Westfield Insurance Companies. Aufderhar requested arbitration pursuant to his insurance policy, but Westfield refused to participate. Aufderhar thus sought and obtained an order mandating arbitration.

The arbitration took place in May 1988. After the arbitrators determined Data Dispatch to be 90% liable and the car in front of Aufderhar's 10% liable, Aufderhar was awarded $15,000. Aufderhar collected $15,000 from Westfield and signed a settle-

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

ment and release. Aufderhar had also received approximately $17,000 in no-fault benefits.

Trial commenced on August 16, 1988. Data Dispatch and Schuck moved in limine to bar relitigation of the issue of damages. The court granted the motion, stating Aufderhar was collaterally estopped from retrying that issue. The record indicates that Data Dispatch and Westfield resolved the remaining issue of liability through settlement. Judgment of dismissal was entered on September 1, 1988. Aufderhar challenges the trial court's order and judgment.

## ISSUES

1. Did the trial court err in ruling that an issue which has been determined at arbitration is barred from relitigation in a subsequent civil action?

2. Did the court err in allowing a motion in limine for collateral estoppel the day of trial?

## ANALYSIS

1. Determining whether collateral estoppel is available is a mixed question of law and fact subject to de novo review. Once it is determined that collateral estoppel is available, the decision to apply the doctrine is left to the trial court's discretion. *Regents of University of Minnesota v. Medical Inc.*, 382 N.W.2d 201, 207 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. April 18, 1986), *cert. denied*, 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed.2d 282 (1986) (citing *United States v. Geophysical Corp.*, 732 F.2d 693, 697 (9th Cir.1984).

Collateral estoppel precludes relitigation of issues which are both identical to issues already litigated by the parties in a prior action and necessary and essential to the resulting judgment. *Ellis v. Minneapolis Commission on Civil Rights*, 319 N.W.2d 702, 704 (Minn.1982).

The application of collateral estoppel is appropriate where:

> (1) the issue was identical to one in a prior adjudication; (2) there was a final

judgment on the merits; (3) the estopped party was a party or in privity with the party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Id.* (quoting *Victory Highway Village, Inc. v. Weaver,* 480 F.Supp. 71, 74 (D.Minn. 1979)).

 The trial court granted Data Dispatch and Schuck's motion to bar relitigation of the issue of damages, reasoning that Aufderhar is collaterally estopped from raising the issue since it was determined in the prior arbitration. We agree.

Application of the factors set forth by the court in *Ellis* supports the trial court's application of collateral estoppel. First, several cases establish that an arbitration decision is a prior adjudication. *United Food & Commercial Workers International Union–Industry Pension Fund v. G. Bartusch Packing Co.,* 546 F.Supp. 852, 855 (D.Minn.1982). The parties do not dispute that the claim for damages at trial is the same issue as the one raised at arbitration.

Second, the court in *Grudem Brothers Co. v. Great Western Piping Corp.,* 297 Minn. 313, 213 N.W.2d 920 (1973), confirms that an arbitration award may be considered a final judgment, noting:

The arbitrators make the final determination of all questions submitted to them whether legal or factual. The court will not overturn these conclusions even if it believes the arbitrators made an incorrect conclusion.

*Id.* at 316–17, 213 N.W.2d at 922–23. *See Koranda v. Austin Mutual Insurance Co.,* 397 N.W.2d 357, 359 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Feb. 13, 1987). Third, Aufderhar was a party in the prior adjudication.

Fourth, Aufderhar does not dispute that he was given full and fair opportunity to be heard on the adjudicated issue. The record indicates that Aufderhar sought to introduce the same witnesses at trial as were called at the arbitration.

Aufderhar relies primarily on two cases to support his argument that collateral estoppel does not apply in this case. In *Milwaukee Mutual Insurance Co. v. Currier,* 310 Minn. 81, 245 N.W.2d 248 (1976), the issue was the preclusive effect of a jury verdict in a subsequent uninsured motorist coverage arbitration proceeding. The court determined that the prior verdict did not preclude arbitration because the terms of the uninsured motorist policy required the determination as to whether the insured was legally entitled to recover damages to be made by arbitration.

Similarly, the parties here contractually agreed to submit their claim to arbitration. Aufderhar's position undermines the parties' agreement and minimizes the effect of arbitration. The reasoning in *Currier* does not support Aufderhar's position.

Aufderhar also relies on *National Indemnity Co. v. Farm Bureau Mutual Insurance Co.,* 348 N.W.2d 748 (Minn.1984). Once again, the issue was the preclusive effect of a prior jury verdict on a subsequent arbitration award. After determining that *Currier* was controlling, the court stated:

The United States Supreme Court has also noted recently that arbitration is not a judicial proceeding. Specifically, the court decided that according preclusive effect to an arbitration award in a subsequent 42 U.S.C. § 1983 action would undermine the statute's goal of protecting federal rights. Although the circumstances of *McDonald* were the opposite of those in this case, the case supports the principle that fact finding in judicial proceedings and arbitration actions are independent.

*National Indemnity,* 348 N.W.2d at 751 (citing *McDonald v. City of West Branch,* 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984)).

The case relied on by the court in *National Indemnity* is readily distinguishable. In *McDonald,* a discharged city police officer instituted a federal Civil Rights Act suit after losing in arbitration. The Supreme Court determined that the arbitration had no preclusive effect upon the civil rights action because an arbitration is not a

"judicial proceeding" within the meaning of the full faith and credit statute. *See* 28 U.S.C. § 1738.

The Court in *McDonald* further noted:

Although arbitration is well suited to resolving contractual disputes, it cannot provide an adequate substitute for a judicial proceeding in protecting the federal statutory and constitutional rights that § 1983 is designed to safeguard. As a result, according preclusive effect to an arbitration award in a subsequent § 1983 action would undermine that statute's efficacy in protecting federal rights. This conclusion is supported by the facts that an arbitrator may not have the expertise to resolve the complex legal questions that arise in § 1983 actions or the authority to enforce § 1983 * * *.

*Id.* at 284, 104 S.Ct. at 1800. These considerations have no application to the arbitration in this case. Federal law is not at issue, and Aufderhar has not challenged the arbitrator's expertise or authority to render its decision.

In addition, we find the reversal of events in *National Indemnity* and *Currier* an important distinction. By allowing arbitration after trial, the courts enforced the contractual agreements of the parties. Neither case addresses any basis for allowing trial after the terms of the insurance policies have been met.

In *Lysholm v. Liberty Mutual Insurance Co.*, 404 N.W.2d 19 (Minn.Ct.App. 1987), this court determined that an arbitration award precluded a subsequent trial on the same issues, citing *Twomey v. Durkee*, 291 N.W.2d 696, 699 (Minn.1980):

Plaintiffs by acquiescing in and participating in the [arbitration] proceeding in effect represented that the contract provision for arbitration was in force, that the dispute was arbitrable, and that the parties would be bound by the decision * * *.

*Lysholm*, 404 N.W.2d at 21. This court emphasized that the appellants themselves sought arbitration and could not subsequently claim, without prior objection, that they should not be bound by the arbitration award. *Id.*

Aufderhar obtained an order compelling arbitration, and no one challenged the arbitration award. Under the authority in *Lysholm*, Aufderhar is not entitled to ignore the effect of the arbitration award by retrying the issue of damages. The trial court did not err in applying collateral estoppel to bar relitigation of the issue of damages.

■ 2. Aufderhar also argues that the trial court erred by allowing Data Dispatch and Schuck's motion in limine, since collateral estoppel should have been pleaded in their answer. Minn.R.Civ.P. 8.03. The issue of collateral estoppel did not arise until the arbitrators made their award in May 1988, almost two years after Data Dispatch and Schuck's answer was filed in September 1986. Data Dispatch and Schuck were not apprised of the award until July 18, 1988. Thus, their only means to raise the collateral estoppel issue was by motion in limine at trial.

Aufderhar was not prejudiced by the trial court's decision to allow the motion. Aufderhar has offered basically the same argument on appeal as he submitted to the trial court, indicating that even if he had had more time to prepare an answer, he would not have included additional cases or arguments. The trial court stated that it considered the arguments of Aufderhar's counsel, as well as the *Currier* and *National Indemnity* decisions, before rendering its decision. The trial court did not err in allowing the motion in limine.

## DECISION

Aufderhar exercised his contractual right to have his dispute resolved at arbitration. He is not entitled to retry the same issue at trial. The trial court did not err in applying the doctrine of collateral estoppel or allowing the motion in limine.

Affirmed.