**Daniel J. SCHEIBEL, Respondent,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, an Illinois corporation, Appellant.**

**No. CX–01–165.**

Court of Appeals of Minnesota.

July 24, 2001.

Review Denied Sept. 25, 2001.

Gary T. LaFleur, Babcock, Neilson, Mannella, LaFleur & Klint, Anoka, MN, for respondent.

Thomas S. McEachron, Votel, Anderson & McEachron, St. Paul, MN, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge, RANDALL and ANDERSON, Judges.

## OPINION

SCHUMACHER, ROBERT H., Judge.

Appellant Illinois Farmers Insurance Company challenges the district court's decision on the distribution of no-fault insurance benefits to respondent Daniel J. Scheibel. Illinois Farmers contends that the district court erred in interpreting and applying the decision of the Minnesota Supreme Court in *Scheibel v. Illinois Farmers Ins. Co.*, 615 N.W.2d 34 (Minn.2000). We affirm.

## FACTS

In March 1996 and again in May 1996, Scheibel was injured in two separate rear-end automobile accidents. He received medical treatment after each accident, including back surgery in November 1996. Scheibel was insured by Illinois Farmers under the same no-fault insurance policy for both accidents.

Scheibel's policy with Illinois Farmers covered medical expenses up to a limit of $20,000 per accident. Illinois Farmers paid Scheibel a total of $23,558 for his medical expenses for both accidents, unilaterally determining that Scheibel incurred $3,558 in medical expenses as a result of the first accident and that the remainder of his medical expenses were attributable to the second accident. The $23,558 fell short of Scheibel's total medical expenses of $30,511 for both accidents, leaving unpaid medical expenses of $6,953.

Scheibel contested Illinois Farmers's apportionment of medical expenses between the two accidents, and, as a result, the matter was submitted to arbitration. The no-fault arbitrator found that Scheibel's medical expenses and disability and income loss were causally related to both accidents, with 35% of the loss attributable to the first accident and 65% attributable to the second accident. The parties agreed that there were no further issues of fact to be determined.

Scheibel sought confirmation of the arbitration award, seeking payment of all claimed no-fault benefits with interest. Illinois Farmers claimed Scheibel was only entitled to recover no-fault benefits due to the second accident. The district court granted summary judgment in favor of Illinois Farmers, holding that apportionment was improper. This court affirmed. *Scheibel v. Illinois Farmers Ins. Co.*, No. C1–98–2097, 1999 WL 391910, at *3 (Minn. App. June 15, 1999). The supreme court accepted review and stated in part as follows:

It is undisputed that Scheibel's injuries were 35 percent attributable to the first accident and 65 percent attributable to the second. Because both accidents cumulatively caused Scheibel's injuries and because his medical expenses are not fully reimbursed under the policy limits attributable to the second accident, we hold that Scheibel is entitled to additional reimbursement under his policy with Illinois Farmers for losses attributable to the first accident. * * * Illinois Farmers, as the insurer on the second accident, is obligated to pay the maximum policy limit of $20,000 for

Scheibel's injuries regardless of the extent to which each accident contributed to the injuries. Further, to the extent that, absent the second accident, Scheibel would still have a viable claim under his Illinois Farmers policy for injuries suffered in the first accident, he is entitled to payment for medical expenses attributable to the first accident that remain unreimbursed after the $20,000 policy limit for the second accident has been paid. However Scheibel is entitled to recover only that unreimbursed portion of his total medical expenses attributable to the first accident, up to the $20,000 policy limit applicable to the first accident. Conversely, he cannot recover for any loss attributable to the second accident from coverage for the first accident.

*Scheibel v. Illinois Farmers Ins. Co.*, 615 N.W.2d 34, 39 (Minn.2000) (footnote omitted). Accordingly, the supreme court "reversed in part, and remanded for further proceedings."

On remand, Scheibel moved to enter judgment against Illinois Farmers in the amount of $6,953.93, plus interest. The parties agreed that Scheibel's total medical expenses resulting from both accidents totaled $30,511 and that Illinois Farmers had already paid $23,558. Scheibel's counsel argued that the arbitrator's apportionment of causation was determinative as to the issue of the amount of medical expenses attributable to the first accident. Counsel for Illinois Farmers argued that, in its decision, the supreme court had created a "new standard" and therefore the original arbitrator's findings were inapplicable. Counsel for Illinois Farmers requested that the matter be re-submitted for arbitration.

The district court found that the parties had arbitrated the factual issues related to causation, that the arbitrator found that

Scheibel's total medical expenses were causally related to both accidents and attributed 35% of the total medical expenses to the first accident and 65% of the total medical expenses to the second accident. Neither party disputes this finding. Applying the supreme court's decision, the district court determined that Scheibel's maximum allowable recovery would be $20,000 for the second accident and $10,678 (.35 × $30,511) for the first accident. Because Scheibel had already been paid $3,558 attributable to the first accident, the district court calculated that he had $6,953 of unreimbursed medical expenses and awarded Scheibel that amount plus interest.

### ISSUE

Did the district court correctly apply the supreme court's decision in *Scheibel v. Illinois Farmers Ins. Co.*, 615 N.W.2d 34 (Minn.2000)?

### ANALYSIS

■ The district court's interpretation of a higher court's decision presents a question of law subject to de novo review. *See State v. Camacho*, 561 N.W.2d 160, 170 (Minn.1997).

■ Illinois Farmers agrees that Scheibel is entitled to receive the maximum $20,000 for the second accident, however, contends that the supreme court's decision requires an additional hearing to determine the amount that Scheibel may recover under the policy for expenses attributable to the first accident. Specifically, Illinois Farmers argues that the supreme court's decision requires a factual finding to determine what Scheibel's medical expenses would have been had the second accident never occurred. In support of its contentions, Illinois Farmers cites the following sentence from the supreme court's opinion:

[T]o the extent that, absent the second accident, Scheibel would still have a viable claim under his Illinois Farmers policy for injuries suffered in the first accident, he is entitled to payment for medical expenses attributable to the first accident that remain unreimbursed after the $20,000 policy limit for the second accident has been paid.

*Scheibel v. Illinois Farmers Ins. Co.*, 615 N.W.2d 34, 39 (Minn.2000). Having considered the opinion as a whole, however, we conclude that the supreme court intended no such result and that Illinois Farmers is bound by the original arbitrator's findings.

Neither party in this case disputes the district court's conclusion that the original no-fault arbitrator attributed 35% of Scheibel's total medical expenses to the first accident and 65% to the second accident. The supreme court concluded that Scheibel should recover "that unreimbursed portion of his total medical expenses attributable to the first accident, up to the $20,000 policy limit applicable to the first accident." *Id.*

■ Illinois Farmers submitted the matter of causation to the arbitrator and does not dispute the resulting factual findings. "[B]y acquiescing in and participating in the [arbitration] proceeding [the parties] in effect represented that * * * the parties would be bound by the decision and award * * *." *Twomey v. Durkee*, 291 N.W.2d 696, 699 (Minn.1980). Here, Illinois Farmers received a full and fair opportunity to argue its case in regard to the causation issue during the original arbitration hearing. The original arbitrator's decision is final.

■ Illinois Farmers suggests that the supreme court did not intend for the aforementioned 35% figure to constitute a final adjudication as to the amount that Scheibel is entitled to recover for the first accident. Illinois Farmers reasons that if the supreme court had so intended, it would not have remanded the matter for further proceedings. *Cf. Mattson v. Underwriters at Lloyds of London*, 414 N.W.2d 717, 720 (Minn.1987) (holding that appellate court intended reversal of trial court's decision to conclude litigation, where remand for further proceedings was neither stated nor implied). But an appellate court may remand for further proceedings limited to entering judgment in strict accordance with that appellate court's instructions. *See, e.g., Croaker ex rel. Croaker v. Mackenhausen*, 592 N.W.2d 857, 863 (Minn. 1999) (remanding to trial court in order to enter judgment consistent with supreme court's opinion).

We conclude that the supreme court's opinion directed the district court to award no-fault benefits to Scheibel using the original arbitrator's factual determinations. The district court did so and applied a formula not inconsistent with the supreme court's decision. Thus, we hold that the district court did not err in calculating a cap of $10,678 for the first accident and awarding Scheibel $6,953 plus interest.

We recognize that in affirming the decision of the district court, we give tacit approval of apportionment in no-fault cases involving the aggravation of a pre-existing injury from a prior accident. This might appear to contravene the supreme court's apparent rejection of apportionment articulated in *Great West Cas. Co. v. Northland Ins. Co.*, 548 N.W.2d 279, 281 n. 4 (Minn.1996) ("We disagree with the court's apportioning of PIP benefits, and we consider them payable by the insurer when the insured incurs a compensable loss."). But as the supreme court noted in *Scheibel*, the specific holding of *Great West* did not include a rejection of apportionment. *Scheibel*, 615 N.W.2d at 38. Fur-

ther, we find ample support for the use of apportionment in the supreme court's more recent opinion. *See id.* at 39 n. 3 ("This formula for the amount of no-fault insurance coverage available to Scheibel to achieve full reparation does rely to some extent on apportionment, which is a concept that we reject in *Great West.* However, this formula retains the bright line of liability that we articulated in *Great West.*").

## DECISION

In apportioning no-fault benefits according to the findings of an arbitrator, the district court properly applied the supreme court's decision in *Scheibel v. Illinois Farmers Ins. Co.*, 615 N.W.2d 34 (Minn. 2000).

**Affirmed.**