In re HOSPITALITY EMPLOYMENT GROUP, LLC, Prestonwood Country Club, and Prestonwood Creek, Relators.

No. 05–07–01027–CV.

Court of Appeals of Texas, Dallas.

Sept. 24, 2007.

Eric H. Marye, Law Offices of Eric H. Marye & Associates, P.C., Dallas, TX, for Real Party In Interest.

Before Justices WHITTINGTON, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice WHITTINGTON.

This mandamus action arises from the trial judge's action in striking an appeal provision contained in the parties' arbitration agreement on the grounds of unconscionability. We conditionally grant the petition for writ of mandamus.

Real party in interest Carolyn Yvonne Moreno filed suit based on an alleged on-the-job injury. Moreno's employment by relators Hospitality Employment Group, LLC, Prestonwood Country Club, and Prestonwood Creek was subject to an arbi-

tration agreement. The arbitration agreement incorporated the terms of the Employee Injury Benefit Plan (EIBP) and required submission of personal injury claims to binding arbitration before the American Arbitration Association (AAA). The EIBP specifies that the Federal Arbitration Act (FAA) governs interpretation, enforcement, and all judicial proceedings under and/or with respect to the arbitration agreement and arbitration procedures. 9 U.S.C.A. §§ 1–16 (1991). Relators filed an unopposed motion to abate and compel arbitration. The judge ordered the parties to arbitration, specifically finding the arbitration agreement valid and enforceable. The arbitration proceeding resulted in an award in excess of $600,000 in favor of Moreno.

In accordance with the arbitration appeal procedures set forth in the EIBP as incorporated in the arbitration agreement, relators filed a notice of appeal of the award with the AAA. Moreno filed a motion to dismiss the appeal with the AAA. Moreno also filed a motion for partial summary judgment in the trial court requesting a declaratory finding that the appellate arbitration provision is unconscionable

On July 25, 2007 the trial judge entered an order granting Moreno's motion for partial summary judgment, declaring the appellate arbitration provision of the EIBP unconscionable and staying all appellate arbitration proceedings. We stayed the trial judge's order and an August 10, 2007 hearing on Moreno's motion to confirm the arbitration award.

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *In re Bass*, 113 S.W.3d 735, 738 (Tex.2003) (orig.proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). Thus, evaluating whether mandamus

relief should be granted requires that we determine whether the trial judge has abused her discretion and whether an adequate appellate remedy exists. *Walker*, 827 S.W.2d at 839.

The arbitration appeal process contained in the EIBP allows either party to appeal an arbitrator's initial award to a three-judge panel of the AAA. The "Election and Arbitration Agreement" signed by Moreno specifically incorporates the arbitration procedures as contained in Section I, Paragraph B of the EIBP. The trial judge's order granting partial summary judgment and staying appellate arbitration struck Section 1, Subsection B, Paragraph 8 of the EIBP as unconscionable. Section 1, Subsection B, Paragraph 8 provides in part:

> a. Any party may appeal any arbitration award that has been rendered and become final under the AAA Rules. . . . Once an appeal is timely served, the arbitration award by the hearing arbitrator shall no longer be considered final for purposes of seeking judicial enforcement, modification or vacation under the FAA. . . .
>
> . . . .
>
> c. . . . [T]he parties to the appeal shall select a panel of three arbitrators. . . .
>
> d. The fees and expenses of the appellate arbitrators shall be shared equally if both an appeal and cross-appeal are served. If only an appeal is served, the fees and expenses of the appellate arbitrators shall be paid by the appellant party (or parties). . . .

Moreno moved to strike the appellate arbitration provision "mainly upon the fact that the provision was substantively unconscionable and acted as an escape-hatch provision due to the increased cost of the appeal by use of three arbitrators and the shifting of the cost burden."

█ The FAA is federal substantive law governing questions of the validity and enforceability of arbitration agreements under its coverage. *Moses H. Cone Mem'l Hosp. v. Mercury Constr.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Although federal substantive law may govern the applicability of an arbitration agreement under the FAA, Texas courts nevertheless follow Texas procedure to determine whether disputed claims fall within the scope of that agreement. *Prudential Sec. Inc. v. Banales,* 860 S.W.2d 594, 597 (Tex.App.-Corpus Christi 1993, orig. proceeding). In order to successfully challenge the submission of a claim to arbitration, the opposing party must follow a two-step procedure. First, he must initially controvert the movant's claims regarding arbitration by presenting affidavits or other such evidence as would generally be admissible in a summary proceeding. Second, if the party opposing arbitration has presented such controverting evidence, the trial judge must then hold an evidentiary hearing to determine those controverted issues regarding arbitration. *Prudential Sec. Inc. v. Banales,* 860 S.W.2d 594, 597 (Tex.App.-Corpus Christi 1993, orig. proceeding). *See L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 352 (Tex.1977); *Carpenter v. N. River Ins. Co.,* 436 S.W.2d 549, 551 (Tex.Civ.App.-Houston [14th Dist.] 1968, writ ref'd n.r.e.).

█ Here, Moreno seeks to invalidate the appellate arbitration provision contained in the parties' arbitration agreement. However, she did not oppose relators' motion to compel arbitration. Further, in the order granting the motion to compel, the trial judge specifically found the arbitration agreement to be valid and enforceable. Moreno then fully participated in the arbitration proceedings and received a favorable award. It was only when relators appealed the arbitration award to an appellate arbitration panel that Moreno raised her defense of unconscionability in the trial court. Had Moreno intended to challenge the appellate arbitration provision on the grounds of unconscionability, she should have done so prior to participating in the arbitration proceedings. This she did not do. Under these circumstances, we conclude that Moreno cannot now object to the appellate arbitration provision. *See Pilgrim Inv. Corp. v. Reed,* 156 Wis.2d 677, 457 N.W.2d 544, 548 (Wis.Ct.App.1990), *review denied,* 458 N.W.2d 533 (Wis.1990) (party estopped from litigating affirmative defenses because it had significantly participated in arbitration process; trial court based its ruling on timeliness, opposition based its argument on waiver, and appeals court concluded estoppel was appropriate doctrine).

█ We find support for our conclusion in *Lysholm v. Liberty Mutual Insurance Co.,* 404 N.W.2d 19 (Minn.Ct.App.1987) and *Gateway Technologies., Inc. v. MCI Telecommunications Corp.,* 64 F.3d 993 (5th Cir.1995). In *Lysholm,* the court concluded the insureds were estopped from arguing that an arbitration award was non-binding because a trial de novo provision of the arbitration provision contained in their insurance policy was against public policy. The court based its decision, in part, on the fact that the insureds had participated in the arbitration without objection until after the arbitration award. "[T]he arbitration clause was clear and evident upon a reading of the policy. Appellants themselves sought arbitration and cannot now, without prior objection, claim they should not be bound by the arbitration award." *Lysholm,* 404 N.W.2d at 21–22 (citing *Atwater Creamery Co. v. Western Nat'l Mut.,* 366 N.W.2d 271, 278 (Minn.1985)). In *Gateway,* the court held

MCI waived its objections to an arbitration award including attorney's fees. "MCI's first objection was raised *after* arbitration when it sought to have the award vacated in district court. However, MCI 'cannot stand by during arbitration, withholding certain arguments, then, upon losing the arbitration, raise such arguments in federal court.'" *Gateway*, 64 F.3d at 998 (citing *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir.1993)). (Emphasis in original.) "Permitting parties to keep silent during arbitration and raise arguments in enforcement proceedings would 'undermine the purpose of arbitration.'" *Nat'l Wrecking Co.*, 990 F.2d at 960 (citing *United Food & Commercial Workers, Local 100A v. John Hofmeister and Son, Inc.*, 950 F.2d 1340, 1345 (7th Cir.1991)). *See Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 232 (Tex.App.-Houston [14th Dist.] 1993, writ denied) (party may not sit idly by during arbitration procedure then collaterally attack that procedure on grounds not raised before arbitrator when result turns out to be adverse). *See also Gumble v. Grand Homes 2000, LP,* 2007 WL 1866883, at *3 (Tex.App.-Dallas June 29, 2007, no pet. h.) (argument appellee's motion to compel arbitration untimely should have been raised at time case ordered to arbitration).

We conclude the trial judge clearly abused her discretion in striking the appeal provision from the arbitration agreement and staying the appellate arbitration proceedings. Relators do not have an adequate remedy at law. *See EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 88 (Tex.1996) (when trial judge erroneously denies party's motion to compel arbitration under FAA, movant has no adequate remedy at law and is entitled to mandamus). We conditionally grant relators' petition for writ of mandamus. We direct the trial judge to vacate the July 25, 2007 "Order Granting Plaintiff's Motion for Partial Summary Judgment and Staying Appellate Arbitration." The writ of mandamus will issue only if the trial judge fails to do so.