STRAS, Justice
(concurring).
I agree with the court that none of the grounds for vacating an arbitration award are present here. See Minn.Stat. § 572.19, subd. 1 (2010). I am less certain, however, that the court’s analysis of waiver is correct.
When the court answers the question of what happens to a party’s challenge to the authority of the arbitrator under Minn.Stat. § 572.19, subd. 1(3), in the absence of an objection during the course of the arbitration, it answers only half of Seagate’s argument. The other half of Seagate’s argument is, and always has been, that Mao and Western Digital impliedly (yet intentionally) waived their challenges to the authority of the arbitrator when they asked the arbitrator to impose sanctions, including attorney fees and costs, on Sea-gate.
The record seems clear on this point. When Western Digital first moved to vacate the arbitration award, Seagate’s response was that ‘Western Digital waived its objéctions to imposition of sanctions by itself requesting sanctions.” Although the district court disagreed with Seagate, it accurately summarized Seagate’s position as follows: Mao and Western Digital agreed that the arbitrator had the authority to impose sanctions by “(1) ... not argu[ing] that the Arbitrator had no authority to impose sanctions, and (2) [themselves] requesting] sanctions” (emphasis added). Seagate advanced the same argument before the court of appeals, stating that, “having invoked the Arbitrator’s sanctioning power, [Mao and Western Digital] cannot seriously dispute that power.” This time, Seagate prevailed because the court of appeals concluded that Mao and Western Digital “waived their challenge to the arbitrator’s authority to impose sanctions by (1) failing to make that challenge to the arbitrator during the arbitration and (2) requesting the arbitrator to impose sanctions against [Seagate].” Seagate Tech. v. W. Digital Corp., 834 N.W.2d 555, 561 (Minn.App.2013) (emphasis added). Seagate argues yet again in its brief to this court that Mao and Western Digital waived their challenges when they “told the Arbitrator he had ‘inherent’ sanction *768 ing power, and invited him to use that power.” Western Digital responds to Sea-gate’s implied-waiver argument in its brief, see Br. of Western Digital Corp. 45 (“Nor did Western Digital and Dr. Mao seek ‘to invoke the very authority of the arbitrator that they now seek to challenge’.... ” (quoting Seagate, 834 N.W.2d at 562)), yet the court remains strangely silent.
It is possible that the court confuses forfeiture with waiver. The absence of an objection, standing alone, would raise a question of forfeiture. “ ‘[Forfeiture is the failure to make the timely assertion of a right,’ ” Kontrick v. Ryan, 540 U.S. 443, 458 n. 13, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (quoting United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)), usually through “failing to raise a timely objection,” see United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). Seagate’s argument, by contrast, raises a question of waiver: whether Mao’s and Western Digital’s actions during the arbitration, coupled with their failure to object, constituted the “intentional relinquishment or abandonment of a known right or privilege,” Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
In any event, by focusing on the absence of an objection by Mao and Western Digital, the court silently converts a question of waiver into one of forfeiture. The court answers the forfeiture question easily enough, because, as it concludes, the statute requires an objection only when an argument for vacatur rests on the absence of an arbitration agreement. See Minn. Stat. § 572.19, subd. 1(5). The court’s answer, however, only partially responds to Seagate’s argument.
An example illustrates my point. Suppose the parties had expressly agreed to waive their rights to challenge the arbitrator’s authority to impose punitive sanctions. Under those circumstances, presumably the court would not allow Mao and Western Digital to seek vacatur, notwithstanding the fact that the relevant statutory provisions do not require an objection. Seagate’s argument is that this case is no different, and that the real question is whether Mao’s and Western Digital’s conduct had the same effect as an express waiver. On that question, the text of section 572.19 does not yield an easy answer.
Because the waiver issue is both difficult[1] and unnecessary to our decision, I see no reason to address it. But if the court insists on doing so, it should answer the question actually posed, not one of its own making.

. In fact, Seagate’s argument may be more complex than either Seagate or the court appreciates. In addition to waiver, Seagate’s argument, extended to its logical ends, may also implicate principles of estoppel. See Twomey v. Durkee, 291 N.W.2d 696, 698-99 (Minn.1980) (holding that parties who "ac-quiesc[ed] in and participat[ed] in” an arbitration proceeding were estopped from later arguing that they had not agreed to arbitration). However, because Seagate does not expressly argue that Mao and Western Digital are estopped from challenging the arbitrator’s authority, I will not address this possibility further.