AVIS BOE AND ANOTHER v. POLK COUNTY LIBRARY BOARD.

217 N. W. 2d 208.

April 19, 1974—Nos. 43974, 43975.

*Newton S. Friedman,* for appellants.
*John A. Winters,* for respondent.

PER CURIAM.

Petitioners, Cleo McDonald and Avis Boe, each sought an order requiring the establishment of an adjustment panel under the Public Employees Labor Relations Act, now Minn. St. 179.61 to 179.77. The district court denied relief. We affirm.

Both petitioners were employed by Polk County. Cleo McDonald, the Polk County librarian, was discharged on April 30, 1972. Avis Boe, also an employee of the Polk County Library Board, was discharged on March 15, 1972. As a result of their discharges, Mrs. McDonald and Mrs. Boe allege a controversy requiring an independent review under Minn. St. 1969, § 179.571.[1] The library board refused to appoint a member to the panel or submit the matters leading to the discharges to a panel.

---

[1] Minn. St. 1969, § 179.571, provided: "It shall be public policy of the state of Minnesota that every public employee should be provided with the right of independent review, by a disinterested person or agency, of any grievance arising out of the interpretation of or adherence to terms and conditions of employment. When such review is not provided under statutory, charter, or ordinance provisions for a civil service or merit system, the governmental agency may provide for such review consistent with the provisions of law or charter. If no other procedure exists for the independent review of such grievances, the provisions of section 179.57 shall be available to the public employee upon request to the governmental agency."

The petitioners have not properly invoked either Minn. St. 1969, § 179.571, which was repealed as of July 1, 1972, by Ex. Sess. L. 1971, c. 33, § 17, or Minn. St. 179.76, the present statute. Both statutes provide for a right of review "of any grievance arising out of the interpretation of or adherence to terms and conditions of employment." Each employee had for many years been in the employ of the library board. Their rights must be ascertained by the nature of their contract of employment. Cederstrand v. Lutheran Brotherhood, 263 Minn. 520; 117 N. W. 2d 213 (1962). In Cederstrand this court said (263 Minn. 532, 117 N. W. 2d 221):

"The usual employer-employee relationship is terminable at the will of either; the employer can summarily dismiss the employee, the employee is under no obligation to remain at the job. Brown v. Safeway Stores, Inc. (E. D. N. Y.) 190 F. Supp. 295. A hiring for an indefinite term is terminable at will. Skagerberg v. Blandin Paper Co. 197 Minn. 291, 266 N. W. 872. Unless plaintiff can establish that she was to be dismissed only for cause by proving a contract to that effect, her employment could be terminated at any time and without cause."

Concededly, neither of the petitioners had any contractual or tenure rights. The employer-employee relationship was terminable at the will of either party. There were no rights to be protected and none were violated by the library board. The petitioners have not presented a "grievance arising out of the interpretation of or adherence to terms and conditions of employment." Minn. St. 1969, § 179.571, and Minn. St. 179.76.

Since no controversy exists concerning the terms and conditions of employment, this action cannot properly be based on either the repealed statute, Minn. St. 1969, § 179.571, or the present statute, Minn. St. 179.76. The district court's denial of the petitions for establishment of a panel for an independent review is affirmed.

Affirmed.