**William CROSS, Relator,**

v.

**COUNTY OF BELTRAMI, Respondent.**

No. C8–99–1457.

Court of Appeals of Minnesota.

March 7, 2000.

Mark W. Gehan, Matthew A. Slaven, Collins, Buckley, Sauntry & Haugh, P.L.L.P., St. Paul, for relator.

Pamela R. Galanter, Frank Madden & Associates, Plymouth, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, CRIPPEN, Judge, and FOLEY, Judge.*

## OPINION

CRIPPEN, Judge.

In Minnesota, public employees have a right of independent review of grievances that arise out of the terms and conditions of their employment. As an independent review agency found that the respondent Beltrami County had no cause to discharge relator, relator now contends that the county acted without authority when it treated the decision as a recommendation and found cause for relator's discharge. Because independent review under the statute is final, we reverse the county's further review of the employee's grievance.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## FACTS

On December 30, 1997, the county sheriff fired relator, a chief deputy, for violating a sexual harassment policy and violating the policy against conduct unbecoming an officer. Respondent claimed that relator was an at-will employee who had no right of review. The parties submitted their dispute to the Bureau of Mediation Services, which determined that the matter should be decided by an independent arbitrator.

The arbitrator determined that respondent was estopped from contending that relator's position was at-will and that respondent did not have just cause to terminate relator. The arbitrator concluded that respondent was permitted to take some disciplinary action against relator but that the appropriate action was a demotion to a non-supervisory position, not a discharge. Notwithstanding the arbitrator's findings of fact and conclusions of law, the respondent sustained its discharge of relator.

## ISSUE

■ Is a public employer entitled to review and overturn the independent review decision for which provision is made in Minn.Stat. § 179A.25?

## ANALYSIS

■ Respondent disputes the finality of the arbitrator's decision, claiming that its Board could review both relator's grievance decision and the right of the Bureau of Mediation Services to independently review the question. Absent this right of review, respondent's challenge to the grievance decision can only be brought to this court in an appropriate motion for a writ of certiorari.

■ In considering questions of law, "reviewing courts are not bound by the decision of the agency and need not defer to agency expertise." *St. Otto's Home v. Minnesota Dep't of Human Servs.*, 437 N.W.2d 35, 39–40 (Minn.1989) (citations omitted). Statutory construction is a question of law, which this court reviews de novo. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn. 1990).

Minn.Stat. § 179A.25 (1998), part of the Public Employment Labor Relations Act (PELRA), provides that public employees have "the right of independent review, by a disinterested person or agency, of any grievance arising out of the interpretation of or adherence to terms and conditions of employment." Minn.Stat. § 179A.25 (1998). "If no other procedure exists for the independent review of such grievances," the statute declares, "the employee may present the grievance to the commissioner [of the Bureau of Mediation Services] under procedures established by the commissioner." *Id.*

■ The entitlement to an independent review depends on "the nature of [the employee's] contract of employment." *Boe v. Polk County Library Bd.*, 299 Minn. 226, 227, 217 N.W.2d 208, 209 (1974) (finding no right of review because employee had no contract or comparable tenure right). The governing statute, empowering the Bureau of Mediation Services to independently determine a grievance, is silent as to whether or not the public employer may decide the entitlement of a public employee to independent review.

In *Boe*, the public employer refused the right of independent review, putting upon the employee the burden to seek review, on which the employee evidently acted on a writ of certiorari. Respondent suggests that the parties in this case should have similar powers and burdens. But the circumstances here are much different from those in *Boe*, which had continued effect when the employer refuses to submit a matter for independent review. Although respondent expressly declared to the employee that it was "reserving" the issue of jurisdiction for determination, it chose nevertheless to join with the employee in submitting the grievance question for independent review. Under these circum-

stances, in spite of its assertion of reserved powers, the county elected the process for determining the dispute. *See Helmerichs v. Bank of Minneapolis & Trust Co.*, 349 N.W.2d 326, 327 (Minn. App.1984) (holding that voluntary participant in arbitration process is estopped from objecting to this resolution of dispute, citing *Twomey v. Durkee*, 291 N.W.2d 696 (Minn.1980)), *review denied* (Minn. Dec. 20, 1984).

Respondent also contends that the independent review performed by the arbitrator is not final because the statute does not declare it to be so, pointing to the contrast between Minn.Stat. § 179A.25 and Minn. Stat. § 179A.20 (which specifically calls for "compulsory binding arbitration"). But the statute speaks for itself. It does not call for an investigation or a recommendation but for an "independent review." Without finality, the concept of independence of the review is meaningless. The legislature's declaration of a "right of independent review" precludes the notion of a mere investigation or recommendation.

Equally important, the finality of the Bureau of Mediation Services' action is suggested by the rules that govern its conduct. The power in this regard was first given to the Public Employment Relations Board, which was abolished in 1992; the Bureau of Mediation Services subsequently took over its responsibilities. 1992 Minn. Laws ch. 582, Sec. 25 (amending Minn.Stat. § 179.25). The PER Board rule stated that the board had final authority on the resolution of grievances, even if it appointed an administrative law judge to make recommended findings of fact and conclusions of law. Minn. R. 7315.1000 (1997).

Because the act providing for the transfer of powers from the PER Board to the Bureau did not direct otherwise, when the responsibilities of the PER Board were transferred, all of the rules governing the responsibilities "remain effective and shall be enforced until amended or repealed" by the Bureau. Minn.Stat. § 15.039, subds. 1, 3 (1998).

The Bureau of Mediation Services, under its own rules, provides that if it selects an arbitrator, "[t]he arbitrator shall have full authority delegated by the commissioner to hear the grievance." *See* Minnesota Bureau of Mediation Servs., *Bureau Policy VII Independent Review*, VI(b) (1996). Thus, though the Bureau has final authority over the resolution of the grievance, its own policies allow the bureau to delegate that authority to an arbitrator.

Here, there is no evidence in the record that the Bureau in any way limited the authority of the arbitrator or that the Bureau sought only a "recommendation" or anything less than a decision from the arbitrator. In fact, in its post-hearing brief to the arbitrator, respondent conceded that "[i]n accordance with the policies of the Bureau of Mediation Services, the Commissioner delegated full authority to Stephen F. Befort, an independent arbitrator selected by the parties, to hear and decide the petition."

The Bureau, in its letter responding to the parties' request to resolve the matter, asserted that it did not have the authority to decide whether or not the arbitrator's decision was final and binding. But the Bureau was incorrect in this assertion. As the PER Board formerly had the authority to make final and binding decisions in independent reviews, so now does the Bureau. Here, as the Bureau did not make any limitations on the power of the arbitrator's authority to decide the issue, the arbitrator's decision on behalf of the Bureau is equivalent to the PER Board decision, which is final and binding.

## DECISION

Respondent having no right to review the independent review decision, except in its own quest for appellant review, the case is remanded to respondent to act in compliance with the decision of the arbitrator.

**Reversed.**