HALBROOKS, Judge
Relator challenges the dismissal by respondent Bureau of Mediation Services (BMS) of relator's petition under Minn. Stat. § 179A.25 seeking independent review of a grievance arising from his discharge from employment by respondent Metropolitan Council, Metro Transit Division (MTC). Relator asserts that BMS erred by determining that section 179A.25 does not apply because relator's employment was governed by a collective-bargaining agreement (CBA) with a grievance procedure that included independent review, even though relator's union elected not to pursue independent review of his discharge. We affirm.
FACTS
Relator Thomas Ruffenach is a former bus operator for MTC. As an employee of MTC, Ruffenach was a member of the Amalgamated Transit Union, Local 1005 (the union), which had a CBA with MTC. The CBA states that the union is "the sole collective bargaining representative of all its employees covered by this Agreement ... on all questions and grievances ... affecting such employees." The CBA establishes a three-step grievance procedure applicable to discipline or discharge decisions. First, the union may file a written *454 grievance with MTC, meet with an MTC representative, and receive a written response. Second, the union may appeal MTC's written response, meet again with MTC, and receive a second written response. Third, if the grievance is not resolved by the first two steps, the union may submit the grievance to an arbitrator.
With respect to Ruffenach's discharge, the union followed the first two steps of the grievance procedure, but elected not to pursue arbitration. Ruffenach then filed a petition with BMS seeking independent review of his grievance under Minn. Stat. § 179A.25. BMS dismissed the petition, concluding that, because Ruffenach had access to a grievance procedure as required by Minn. Stat. § 179A.20, subd. 4 (2018), he is not entitled to independent review by BMS under Minn. Stat. § 179A.25. This certiorari appeal follows.
ISSUE
Does Minn. Stat. § 179A.25 provide a right of independent review by BMS for a discharged public employee whose union elects not to pursue arbitration of his grievance?
ANALYSIS
Ruffenach challenges BMS's dismissal of his petition, arguing that, because the union declined to pursue arbitration, Minn. Stat. § 179A.25 provides a right to independent review of his grievance by BMS. This presents a question of statutory interpretation, which "is a question of law that we review de novo." J.D. Donovan, Inc. v. Minn. Dep't of Transp. , 878 N.W.2d 1, 4 (Minn. 2016).
Minn. Stat. § 179A.25 is part of the Minnesota Public Employment Labor Relations Act (PELRA), Minn. Stat. §§ 179A.01 -.25 (2018). PELRA's purpose is "to promote orderly and constructive relationships between all public employers and their employees," which includes minimizing disputes between public employers and employees and "providing for their resolution." Minn. Stat. § 179A.01(a), (c). To accomplish these aims, PELRA establishes "special rights, responsibilities, procedures, and limitations" intended to "provide for the protection of the rights of the public employee, the public employer, and the public at large." Id. (c)(3). Minn. Stat. § 179A.25 states:
It is the public policy of the state of Minnesota that every public employee should be provided with the right of independent review, by a disinterested person or agency, of any grievance arising out of the interpretation of or adherence to terms and conditions of employment. When such review is not provided under statutory, charter, or ordinance provisions for a civil service or merit system, the governmental agency may provide for such review consistent with the provisions of law or charter. If no other procedure exists for the independent review of such grievances, the employee may present the grievance to the commissioner under procedures established by the commissioner.
Ruffenach argues that the union's decision not to pursue his grievance through arbitration leaves him without a procedure for independent review by a disinterested person or agency, and therefore he is entitled to independent review by BMS under the plain language of section 179A.25. We disagree. "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." Am. Family Ins. Grp. v. Schroedl , 616 N.W.2d 273, 277 (Minn. 2000) (quotation and citation omitted).
*455 Minn. Stat. § 179A.25 is unambiguous. Section 179A.25 provides that an independent review is available "[i]f no other procedure exists for the independent review of such grievances...." (Emphasis added.) Based on the plain language of the statute, independent review under "procedures established by the commissioner" is not available unless "no other procedure exists for the independent review." Here, the CBA provided a three-step procedure for the review of grievances, including submission of the grievance to an arbitrator, which satisfies the plain language of Minn. Stat. § 179A.25.
Ruffenach argues that his rights under the CBA are "illusory" because the union has exclusive control over the grievance procedure, in violation of the "Minnesota legislature's declared public policy 'that every public employee should be provided with the right of independent review.' " But Minn. Stat. § 179A.25 and its previous iterations have not been interpreted as providing an unlimited or substantive right of review to every public employee. For example, in Boe v. Polk Cty. Library Bd. , the supreme court held that two library employees were not entitled to independent review under PELRA because they did not have contracts that defined the "terms and conditions of employment." 299 Minn. 226, 217 N.W.2d 208, 210 (1974). And in Alexandria Hous. & Redev. Auth. v. Rost , we held that a terminated employee was not entitled to independent review under Minn. Stat. § 179A.25 because she did not "have an enforceable contractual right not to be terminated except for cause." 756 N.W.2d 896, 907 (Minn. App. 2008). Section 179A.25 only provides for review by BMS when no other procedure exists.
Here, it is undisputed that the CBA establishes a grievance procedure that includes arbitration. The union followed the grievance procedure outlined in the CBA and ultimately decided, in compliance with that procedure, not to arbitrate Ruffenach's grievance. Because a procedure exists for independent review under the CBA, independent review is not available under section 179A.25.
DECISION
Minn. Stat. § 179A.25 does not provide for independent review by BMS of an employment grievance when a CBA governing the employment provides a procedure for independent review. Because the CBA here provides a procedure for independent review through arbitration, independent review is not available under section 179A.25. BMS properly dismissed Ruffenach's petition.
Affirmed.